■ STATE OF NEW YORK, Appellant, v JANCYN MANUFACTURING CORP., Respondent.—In an action, *inter alia,* to enjoin defendant from selling or distributing in Nassau and Suffolk Counties a liquid cesspool and septic

tank cleaner which allegedly impairs the quality of the ground water supply, plaintiff appeals from an order of the Supreme Court, Nassau County, entered March 13, 1979, which granted defendant's motion pursuant to CPLR 3133 to strike its demand for interrogatories. Order reversed, with $50 costs and disbursements, and motion denied. Defendant's time to respond to the interrogatories is extended until 30 days after service upon it of a copy of the order to be entered hereon, together with notice of entry thereof. In light of the relatively complex issues framed by the complaint, it was error to strike the demand for interrogatories, which consists of 10 questions and can be answered by defendant without difficulty. In essence, the complaint alleges that the sale of defendant's product, a toxic liquid cesspool and septic tank cleaner, contributes to the impairment of the quality of the ground water supply of Nassau and Suffolk Counties. The demanded information, which relates to sales of the product on Long Island and to various tests performed on the product, is material and necessary to the prosecution of the action. The interrogatories seek facts which bear upon the controversy and will assist the State in its preparation for trial by reducing delay and sharpening the issues. (See *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406.) The scope of interrogatories, as defined by CPLR 3131, incorporates the liberal disclosure requirement of CPLR 3101 *(Allen v Crowell-Collier Pub. Co., supra).* Rabin, J. P., Gulotta, Martuscello and Mangano, JJ., concur.