■ THOMAS GUADAGNO et al., for Themselves and on Behalf of All Others Similarly Situated, Respondents, v DIAMOND TOURS & TRAVEL, INC., et al., Defendants, and A. O. T. TOURS, INC., Appellant.—Order, Supreme Court, New York County, entered June 22, 1976, to the extent appealed from as limited by stipulation, denying a motion by defendant A. O. T. Tours, Inc., for a protective order to strike Interrogatory No. 2, unanimously reversed, on the law, without costs and without disbursements, the motion granted and Interrogatory No. 2 stricken. In this class action, defendant A. O. T. Tours, Inc., appeals from an order denying their motion for a protective order or for an order striking interrogatories. By stipulation, the only question for the court's consideration is whether defendant is required to answer Interrogatory No. 2. The interrogatory in question reads: "Identify the assets, to include the location of the assets, and the dollar evaluations of these assets; owned by the following described individuals and companies: A. Howard Teller B. A.O.T. Tours, Inc. C. Age of Travel, Inc." Neither Howard Teller nor Age of Travel is a party to these proceedings; A. O. T. appeals. CPLR 3101 provides that the scope of disclosure shall include all evidence and material necessary in the presentation or defense of an action. The interrogatory requesting the identity, location and dollar value of the assets of appellant and two nonparties, is unrelated and immaterial to the issues which will be presented at trial, and is therefore outside the scope of discovery as contemplated by CPLR 3101 (see, also, *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Respondents argue that the spirit of CPLR 3101 (subd [f]), which permits discovery of liability insurance

contracts in order to facilitate settlement, should be applied to the present items of discovery. This court is not yet ready to ascribe so innovative a meaning to this paragraph. Respondents have given the court no statutory or case law to support their argument that appellant should respond to Interrogatory No. 2. CPLR 5223 is clear that such items may be discovered *after* judgment. To hold otherwise would in effect be conceding that respondent has prevailed, and the only thing needed to carry out the judgment is a revelation of appellant's assets. Concur—Kupferman, J. P., Lupiano, Evans and Lynch, JJ.