■ WAYNE WACHTER et al., Respondents, v CATHERINE PHILIPPE, Also Known as KATHERINE PHILIPPE, et al., Defendants, and NEW YORK TELEPHONE COMPANY, Appellant.—In an action to recover damages for personal injuries, etc., resulting from an intersection accident, defendant New York Telephone Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, dated November 2, 1978, as directed it to produce at a continued examination before trial, employment and related records of its employee, codefendant Louis J. Belot, Jr., pursuant to plaintiffs' notice to take deposition. Order reversed insofar as appealed from, without costs or disbursements, and said portion of the notice to take deposition is stricken. The record reveals that codefendant Louis J. Belot, Jr., testified at his examination before trial on November 4, 1976 that he was an employee of the defendant telephone company at the time of the accident. However, he also testified that at the time he was involved in the accident with the Philippe vehicle, in which the infant plaintiffs were passengers, he had already left his place of employment and was on his way home. Furthermore, absent from the allegations of negligence in the complaint and bill of particulars is any claim that Belot was operating his vehicle at the time of the accident within the scope of his employment. The allegations referring to Belot concern his operation, control and ownership of his vehicle at the time it collided with the Philippe vehicle. With respect to the defendant telephone company, plaintiffs' pleadings assert that the poles being utilized by it were positioned so as to obstruct the view of, and/or otherwise provide a trap or other hazard for, motorists. Notwithstanding the above facts, on November 15, 1976, 11 days after Belot was deposed for the first time, plaintiffs served a further notice to take the deposition of the defendant telephone company and demanded that it produce thereat: "All work schedules; time cards * * * and all other books, papers, records and documents concerning the employment of the defendant LOUIS J. BELOT, JR. by the defendant NEW YORK TELEPHONE COMPANY and the services actually rendered by said employee from 1/1/72 through and including the date upon which the accident herein occured [sic], namely July 8, 1975." In our opinion Special Term erred in directing appellant to produce Belot's employment records pursuant to CPLR 3111 in connection with its deposition, since the papers before the court contained no allegation or showing that Belot was still on duty at the time of the occurrence. Thus, at the time plaintiffs served the notice to take deposition which included a demand for appellant's employment records pertaining to Belot, such information was unrelated and immaterial to the issues in the case (cf. Guadagno v Diamond Tours & Travel, 59 AD2d 685). Damiani, J. P., Titone, Gulotta and Shapiro, JJ., concur.

■ In the Matter of the Estate of ALFRED E. DORAN, Deceased. RAYMOND SCHAEFFNER, Respondent; LORRAINE DORAN, as Administratrix, Appellant.—Decree of the Surrogate's Court, Nassau County, dated December 12, 1978, affirmed, without costs or disbursements, for the reasons set forth in the opinion of Surrogate Bennett. Damiani, J. P., Titone, Gulotta and Shapiro, JJ., concur.