■ BARBARA RIVERS, Appellant, v THE TRAVELERS, Respondent. — Appeal from an order of the Supreme Court at Special Term, entered October 2, 1979 in Saratoga County, which ordered disclosure of the results of plaintiff's blood test. Plaintiff was the driver and sole occupant of an automobile and was hospitalized in an unconscious condition following a vehicular accident. While unconscious, a blood sample was taken from her, apparently at the request of police officers. Although criminal charges were subsequently lodged against her, plaintiff was never convicted of violating section 1192 of the Vehicle and Traffic Law which deals with drunk driving. In this action, she seeks to recover first-party benefits under the terms of her automobile insurance policy. Such benefits have been denied by the defendant insurer pursuant to section 672 (subd 2, par [b]) of the Insurance Law on the ground she was injured as a result of operating a motor vehicle while intoxicated. On defendant's motion therefor, Special Term ordered disclosure of the blood test results (CPLR 3120), concluding that the test is discoverable since there is a possibility it would be admissible at trial on the issue of plaintiff's credibility. Plaintiff appeals, maintaining that the test was administered without her permission, in violation of her Fourth Amendment rights and, thus, that the results are inadmissible for any purpose. She further contends that for defendant to assert its disclaimer there must be a conviction under section 1192 of the Vehicle and Traffic Law. There should be an affirmance. While it may be argued that the results of the blood test were illegally procured in this case, we are not strictly concerned with deciding the admissibility of those results, but with determining whether they are discoverable. Since we agree it is quite possible that this evidence could be used to impeach plaintiff's credibility should she eventually testify in the action (see *McCormick v County of Suffolk,* 53 AD2d 690), the results fall within the scope of discovery contemplated by section 3101 of the CPLR as "material and necessary" and, therefore, "relevant" to the issue presented *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Plaintiff's additional argument for reversal, which was not raised before Special Term, will not be considered by us for the first time on this appeal. Order affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.