OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the third-party defendant, Kenneth W. Dale, for an order compelling the New York State Police laboratory to disclose all records in its files regarding a blood test performed on the blood of Eric S. Hasto, as the result of an accident which occurred on August 23, 1981.
The underlying action is for personal injuries allegedly sustained in a motor vehicle accident on August 23, 1981. The complaint alleges that on that date the defendant, James K. Kelley, doing business as Kelley’s Grill, did sell alcoholic beverages to defendant Eric S. Hasto, causing him to become intoxicated. The plaintiff was a passenger in the automobile of Kenneth W. Dale when said vehicle was involved in a collision with the Hasto vehicle.
The State Police have refused to disclose the results of the blood test taken of Eric S. Hasto to the attorneys for Kenneth W. Dale and takes the position that it will furnish a certified copy of the blood test to the trial court at the time this action is reached for trial, upon the presentation of a duly ordered subpoena at that time.
*1095 Defendant Hasto also opposes the motion on the grounds that there is no showing that in the event a blood test was taken it was taken in a proper manner which did not violate the rights of Eric S. Hasto.
This court cannot agree with the contentions of the defendant Hasto. While it may be argued that the blood test was not taken in the proper manner, this court is not concerned with deciding the admissibility of those results, but with determining whether they are discoverable (see Rivers v The Travelers, 80 AD2d 687). The results fall within the scope of discovery contemplated by CPLR 3101 as material and necessary and therefore relevant to the issue presented (Allen v Crowell-Collier Pub. Co., 21 NY2d 403).
The motion to compel the New York State Police to disclose the results of the blood test is granted.