Chief Judge Fuld.
The plaintiffs (upwards of 150 in number) are former employees who had worked in the defendant’s plant in Springfield, Ohio. Discharged in December, 1956, when the defendant suspended publication of Collier’s and Woman’s Home Companion, they sue for severance and retirement pay. It is their claim that the defendant had “ established and announced to its employees, including plaintiffs, and [had] carried out a policy and practice” of making severance — or retirement — payments upon the termination of employment and that they had “ started or continued in defendant’s employ ”, knowing of and relying upon this policy.
Following joinder of issue, the plaintiffs submitted certain interrogatories to the defendant pursuant to CPLR 3101 and 3130, seeking information about the defendant’s practices, current and past, with regard to severance and retirement pay, both at its Springfield plant and at its other plants and offices. The plaintiffs, who were nonunion employees, also seek to inquire about collective bargaining agreements of the defendant and, in addition, request information concerning practices in the publishing business in general. All this information is necessary, they say, to show that the defendant, although it contends otherwise, had an over-all, uniform policy at its various *406 plants and offices — “ consistent ’’ with procedures in the publishing business generally—in regard to severance and retirement pay, whether or not it treated its nonunion employees differently from those who belonged to a union.
The defendant moved to strike most of the interrogatories as not material and necessary to the resolution of the issues; no contention was or is made that the interrogatories are burdensome, seek privileged information or are in any other respect improper. The court at Special Term granted the defendant’s motion almost in its entirety. The Appellate Division, by a divided court, affirmed and granted leave to appeal on a certified question. In addition to urging its position that the information sought is not “material and necessary” within the meaning of CPLR 3101,[1] the defendant contends that the order below, striking the interrogatories, rested in discretion and is beyond our power of review.
The courts do undoubtedly possess a wide discretion to decide whether information sought is “ material and necessary ” to the prosecution or defense of an action (see, e.g., Paliotto v. Hartman, 2 A D 2d 866) but that discretion is not unlimited. Where, as here, an issue exists as to whether there has been an abuse of discretion, a reviewable question of law is presented. Indeed, the parties have argued the question before us solely as one of law, and so the courts below have decided it, in accordance, we note, with generally accepted practice. (See, e.g., Matter of Rothschild, 298 N. Y. 538; Solomon v. La Guardia, 295 N. Y. 970; Drake v. Herrman, 261 N. Y. 414, 416; see, also, Di Russo v. Kravitz, 19 N Y 2d 1012; Cohen and Karger, Powers of the New York Court of Appeals, §§ 88,157,158.)
The words, “ material and necessary ”, arc, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony ‘‘ which is sufficiently related to the issues in litigation to make *407 the effort to obtain it in preparation for trial reasonable ” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07, p. 31-13). Even under former section 288 of the Civil Practice Act, the courts tended to follow this more liberal construction as pretrial examinations became ‘ ‘ concerned more acutely with the preparation of the case than with the preservation of testimony.” (Southbridge Finishing Co. v. Golding, 2 A D 2d 430, 434; see, also, Cornell v. Eaton, 286 App. Div. 1124; Dorros, Inc. v. Dorros Bros., 274 App. Div. 11, 13-14.) And, since the enactment of CPLR 3101, the courts have continued ‘ ‘ to enlarge the permissible use of pretrial procedure ’ ’ begun under the former statute. (Rios v. Donovan, 21 A D 2d 409, 411 [1st Dept.]; see, also, Matter of Comstock, 21 A D 2d 843, 844 [4th Dept.]; Nomako v. Ashton, 20 A D 2d 331, 332-333 [1st Dept.]; see, also, Siegel, Disclosure under the CPLR: Taking Stock After Two Years, Eleventh Annual Report of Administration Board of Judicial Conference, 1965 [N. Y. Legis. Doc., 1966, No. 90], pp. 148, 185.) “ The purpose of disclosure procedures ”, declared the Appellate Division for the First Department in the Rios case (21 A D 2d, at p. 411), “ is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits ” and, in the Comstock case (21 A D 2d, at p. 844), the Appellate Division, Fourth Department, wrote that, “ ‘ [i]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered ‘‘ evidence material * * in the prosecution or defense ” ’ (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07.) ”
Although there may seem to be a little more immediacy and substantiality to the word ‘ ‘ material ’ ’ than to ‘ ‘ relevant ’ ’ — the term contained in the more liberal Federal statute (Fed. Rules Civ. Pro., rule 26, subd. [b]; see, also, 4 Moore’s Federal Practice [2d ed., 1967], par. 26.16, p. 1174 et seq.)—we believe that a broad interpretation of the words ‘ ‘ material and necessary ” is proper. In this connection, we note, the word “ necessary ”, even under former section 288 of the Civil Practice Act, was held to mean ‘ ‘ needful ’ ’ and not indispensable. (Taylor v. Smith & Corona Typewriters, 179 Misc. 290, 292, affd. 266 App. Div. 903.)
*408 However, the defendant—maintaining that the Legislature disapproved the broader meaning we have given the words in question—urges us to permit disclosure only of evidence directly related to issues raised by the pleadings, more particularly, of information concerning the defendant’s policy and practice at its Springfield plant. The disclosure provision may not, however, be accorded so narrow a construction. The complaint charges, in effect, that the defendant “ established and announced ” to any and all of its employees everywhere, including the plaintiffs, and “ carried out ”, a policy and practice of granting severance and retirement pay and that the plaintiffs relied upon this in starting or continuing their employment. That they could not have known of or relied on such allegedly company-wide policy at offices and facilities other than, or at least in addition to, Springfield’s is not established by the defendant’s mere say-so. In any event, though, as the dissenting justices below observed, “ [t]he point is not whether plaintiffs relied on the policy in effect at other locations, but whether the fact that it was in effect at the other locations will not lend support to plaintiffs’ assertion that it was also in effect at the location at which they were employed. ’ ’
In sum, then, since the information sought by the plaintiffs is material and necessary to the prosecution of their action, they are entitled to answers to their interrogatories.
The order of the Appellate Division should be reversed, with costs in all courts, the certified question answered in the negative and the matter remitted to Special Term for further proceedings in accordance with this opinion.
Judges Burke, Scileppi, Bergan, Keating and Jasen concur; Judge Breitel taking no part.
Order reversed, etc.

. CPLR 3101, subdivision (a), provides that “ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof”.