Charles H. Cohen, J.
The question presented on this motion is whether, as contended by defendant, answers to interrogatories put to a corporation may be answered under oath by the attorney for the defendant. There does not appear to be any reported decision on this point.
The first sentence of CPLR 3134 (subd [a]) states that "Interrogatories shall be answered in writing under oath by the party upon whom served, if an individual, or, if the party served is a corporation, a partnership, or a sole proprietorship, by any officer, director, agent or employee having the information.” This rule does not state that the answers may be made by an attorney for the party. In the context of this rule, an agent does not refer, as contended by defendant, to an attorney (unless, of course, the attorney happens to have personal knowledge of the facts). It should be noted that provision is not made for an "individual” to answer by an agent and it would be strange indeed if a corporation could answer by an attorney as agent but an individual could not. As used in CPLR 3134 (subd [a]), agent means a knowledgeable person connected with the party. This view is fortified by the provision that a "sole proprietorship”, which, of course, is an individual, may answer by an "agent or employee having the information.” Where an individual is in business, his agents or employees having personal knowledge of the facts may answer for such a party. An attorney, as such, may not answer the interrogatories.
It is stated on behalf of defendant that "Interrogatories are more in the nature of responses to a demand for particulars * * * they are neither evidence nor part of the pleadings.” Defendant asserts that CPLR 3134 (subd [a]) is a counterpart of CPLR 3020 (subd [d]) with respect to verification of pleadings and that as a foreign corporation defendant may answer the interrogatories by an attorney.
Defendant’s difficulty is that it is laboring under a misconception of the function of interrogatories and is equating interrogatories with bills of particulars. While CPLR 3130 *1002 prohibits a party from both serving written interrogatories and demanding a bill of particulars without leave of the court, the purpose of serving interrogatories is to secure evidence. CPLR 3131 states that "Interrogatories may relate to any matters embraced in the disclosure requirement of section 3101 and the answers may be used to the same extent as the depositions of a party.” CPLR 3101 (subd [a]) declares that "There shall be full disclosure of all evidence material and necessary”. (See, also, Allen v Crowell-Collier Pub. Co., 21 NY2d 403.)
Thus, defendant’s attempt to equate interrogatories with bills of particulars must fail. A demand for answers to interrogatories is a "disclosure device” (CPLR 3102, subd [a]), and plaintiff is entitled, by use of this disclosure device, to seek evidence, under oath, from the corporate defendant by individuals connected with it who have personal knowledge of the facts. The attorney for the defendant who verified the answers to the interrogatories does not claim personal knowledge of the facts. On the contrary, he states that "his answers were based upon documents and information supplied to him.”
Defendant is required to serve upon the attorney for plaintiff answers in writing to the interrogatories under oath "by any officer, director, agent or employee having the information” (CPLR 3134, subd [a]) and not by its attorney; and if different persons answer different questions, the oath of each should refer to the questions he answered.