■ Lincoln First Bank of Rochester, Respondent, v Margaret M. Rhoades, Appellant.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Defendant purchased a mobile home from Greenridge Trailer Park on October 19, 1973 for $6,634 and executed a retail installment contract and security agreement in connection therewith. This agreement was assigned to plaintiff, providing for an extension of credit and granting plaintiff a security interest in the mobile home. Defendant allegedly defaulted in her payments and the mobile home was subsequently repossessed by plaintiff on September 19, 1974. Thereafter, on September 27, 1974 the mobile home was resold at a private sale for $2,300. Plaintiff then commenced this action pursuant to subdivision (2) of section 9-504 of the Uniform Commercial Code for a deficiency judgment in the amount of $6,213.59. In the answer defendant raises the defenses of lack of notice with respect to the sale of the collateral and the commercial unreasonableness of such sale (see Uniform Commercial Code, § 9-504, subd [3]). Additionally, under her third and fourth counterclaims defendant alleges that pursuant to subdivision (1) of section 9-507 of the Uniform Commercial Code she is entitled to recover the sum of $3,946.18 representing the penalty assessed against plaintiff for failure to comply with those provisions of subdivision (3) of section 9-504 of the Uniform Commercial Code. Following service of the answer defendant served upon plaintiff's attorney 25 interrogatories which, including subparts, constituted 48 separate inquiries. Plaintiff responded to 22 of defendant's inquiries in full and two in part and, thereafter, moved to strike the remaining interrogatories. Defendant now appeals from that part of an

order of Special Term striking in full the interrogatories numbered 7(h), 7(i), 7(j), 7(k), 7(l), 7(n), 7(q), 7(r), 7(s), 9, 10, 11, 23, 24 and 25 and striking in part Interrogatories Nos. 7(o) and 8. A full disclosure of all evidence material and necessary in the prosecution or defense of an action is required (CPLR 3101, subd [a]). "The words, 'material and necessary', are * * * to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed * * * to permit discovery of testimony 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07, p. 31-13)." *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406–407.) We are of the view, following an examination of the record, that Interrogatories Nos. 7(h), 7(i), 7(j), 7(k), 7(l), 7(n), 7(q), 7(r), 7(s), 9, 10, and 11 should not have been stricken. Those interrogatories seek information concerning the method, time, place and terms of the sale of the collateral in issue, as well as inquire into the existence of any relationship between plaintiff and the purchaser of the collateral that might give reason to question the propriety of such sale and, in that regard, its commercial reasonableness. Inasmuch as these interrogatories are material and necessary to the defense of the action and are not unreasonably oppressive, they were improperly stricken. We find, however, that Special Term did not abuse its discretion in striking Interrogatories Nos. 23, 24, 25 and parts of Interrogatories Nos. 7(o) and 8, inasmuch as the information sought thereunder was either irrelevant and immaterial or previously requested under other interrogatories. (Appeal from order of Monroe Supreme Court—strike interrogatories.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.