■ LONG ISLAND REGION NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents. — Motion by respondents for (1) reargument of the appeal from an order of the Supreme Court, Nassau County, dated August 15, 1980, or, in the alternative, (2) for leave to appeal to the Court of Appeals from the order of this court, dated March 2, 1981. Motion denied in all respects. There was no misapprehension of the order of the Supreme Court which was affirmed by the order of this court (75 AD2d 842, affg 102 Misc 2d 704), nevertheless, to alleviate any misunderstanding, on the court's own motion, its decision dated March 2, 1981 is amended by striking from the first paragraph thereof the following words "refusal to approve certain housing projects is" (following the words "the defendant's"), and by substituting therefor the words "zoning and land use practices are". Order dated March 2, 1981 entered on said decision is amended accordingly. Gibbons, J. P., Rabin, Gulotta and Margett, JJ., concur.

■ A. TARRICONE, INC., Respondent, v DHI ENTERPRISES, INC., Appellant. — In an action to recover payment for goods sold and delivered and for services rendered, in which defendant counterclaims alleging that the goods sold were, *inter alia,* adulterated, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Ferraro, J.), entered April 25, 1980, as, in part, granted plaintiff's motion for a protective order. Order modified by deleting so much thereof as granted the protective order with respect to Items Nos. 5, 7, 8 and 9 and the protective order is denied as to said Items. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to defendant. The information with respect to which the protective order is hereby stricken might assist defendant in preparing its counterclaim and, hence, is discoverable (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.