■ MARIA RODRIGUEZ, Individually and as Mother and Natural Guardian of TOMMY FELIX, an Infant, Respondent, v RYDER TRUCK RENTAL, INC., et al., Appellants, et al., Defendant. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered on or about October 17, 1983, granting plaintiff's motion for a change of venue from New York to Bronx County, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the motion denied. ¶ In this personal injury action involving a pedestrian knockdown which occurred in The Bronx, plaintiff placed venue in New York County in the first instance. Some 18 months later, after discovery had been completed, including the taking of depositions in New York County of the parties and nonparty witnesses, and a note of issue filed, plaintiff sought a venue change to The Bronx, based on the convenience of material witnesses. The bare allegation that the trip from The Bronx to Manhattan involves "great trouble and expense" and "great inconvenience and hardship" for the witnesses is ludicrous on its face. In such circumstances, to grant a venue change from New York County to Bronx County, a subway ride away, constitutes an improvident exercise of discretion. Viewed realistically, this motion is nothing more than a last minute attempt at "forum shopping". Concur — Murphy, P. J., Sullivan, Ross and Carro, JJ.

■ MARIA RODRIGUEZ, Individually and as Mother and Natural Guardian of TOMMY FELIX, an Infant, Respondent, v RYDER TRUCK RENTAL, INC., et al., Defendants, and CURTIS WILLIAMS, Appellant. — Order, Supreme Court, New York County (Bruce M. Wright, J.), entered on or about October 25, 1983, which, *inter alia,* denied defendant Williams' motion for renewal, unanimously reversed, on the law, without costs or disbursements, renewal granted, and on renewal the motion for an order directing plaintiff to provide authorizations to obtain copies of the records of Dr. Maria D. Garcia granted. Appeal from order of the same court, entered May 27, 1983, which, *inter alia,* denied defendant Williams' motion for an order directing plaintiff to provide said authorizations, dismissed, without costs or disbursements, as superseded. ¶ Defendant sought an order compelling plaintiffs, an infant injured in a pedestrian knockdown, and his mother and guardian, to provide authorizations for the medical records of a treating physician. The infant plaintiff claims head injury with consequent brain damage. CPLR 3101 provides for full disclosure of all evidence material and necessary in the prosecution or defense of an action. "The words, 'material and necessary', are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." (*Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406.) Having placed the infant's physical condition in issue plaintiff cannot limit the controversy to the records she wishes to disclose. (*Greuling v Breakey,* 52 AD2d 540, 542.) Special Term's denial of the motion, with a reservation that the records sought would be made available in the event the doctor involved testified at trial, is totally at variance with the letter and spirit of CPLR 3101. Accordingly, we reverse and grant the relief sought. Concur — Murphy, P. J., Sullivan, Ross and Carro, JJ.