■ In the Matter of BETTY J. SIMMONS. —Order affirmed, without costs. Memorandum: Special Term exercised sound discretion when it denied petitioner's request to enter respondent hospital's intensive-care unit with personnel and camera equipment and remain there for a period of eight hours for the purpose of videotaping his daughter, who is comatose and clinically brain dead.

Petitioner has failed to demonstrate that the filming is material or necessary to a prospective action for personal injury or wrongful death.

All concur, except Doerr, J. P., and Pine, J., who dissent and vote to reverse and grant the application, in accordance with the following memorandum.

Doerr, J. P., and Pine, J. (dissenting). We respectfully disagree. CPLR 3101 (a) generally defines the scope of disclosure as "all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof", and the court has wide discretion in determining what is material and necessary, which terms are to be liberally interpreted (*Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). Preaction disclosure is available by court order for the purpose of aiding in the bringing of an action and to preserve information (CPLR 3102 [c]). In determining whether preaction disclosure will be permitted, the court should weigh the present needs of the petitioner against any inconvenience to the respondent (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.08). In our view petitioner has adequately demonstrated the need to preserve a record of Betty Jean Simmons' present condition and on this record respondent has not come forward with a sufficient showing of inconvenience which would warrant a denial of the requested relief.

However, we perceive no reason why eight hours of videotaping are necessary to memorialize the patient's current medical condition. It is not disputed that the patient is in a coma, is clinically brain dead and is being kept alive by means of life-support equipment in an intensive-care room at the hospital. There is little or no likelihood that her condition is notably different from one end of the day to another. The petition should be granted to the extent that a stationary video camera may be used to record the patient for two predetermined 15-minute periods during one day, one in the morning and one in the afternoon, in a manner and at times which will not interfere with the carrying out of the duties of the hospital medical staff and other personnel.

We express no opinion concerning the admissibility of the videotape and its recorded events; this is a matter to be determined by the trial court, and a proper foundation must be laid for the admission into evidence of the videotape. (Appeal from order of Supreme Court, Erie County, Gossel, J. —preaction discovery.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.