■ TIMOTHY MCCLUSKY, Appellant, v RECREATIONAL DISTRIBUTORS WAREHOUSE, INC., et al., Respondents. (And a Third-Party Action.)—Order unanimously reversed, on the law, with costs, and motion granted, in accordance with the following memorandum: Plaintiff was injured on July 5, 1981 when he slid head first down a slide into a swimming pool manufactured by defendant Coleco Pools (Coleco).

On completion of an examination before trial of Allan Wright, an employee of Coleco, plaintiff sought to examine an

officer and other representatives of Coleco, and sought production of documentary material in connection with the examinations. Coleco refused to comply and plaintiff moved for an order directing such further discovery. At Special Term, defendant raised several objections, claiming that the testimony of the witnesses was unnecessary because the information sought could be developed by documentary evidence; that much of the documentary material sought in plaintiff's notice had already been furnished; that the witness Wright had already testified in sufficient detail as to the subjects on which plaintiff seeks additional discovery; that the testimony sought is irrelevant not only because it relates to swimming pools other than the pool in which plaintiff was injured but also because it relates to a slide which was not manufactured by Coleco and which was installed many years prior to installation of the Coleco pool. Coleco also contended that plaintiff's notice was unduly broad and burdensome. As an alternative to denial of the motion, Coleco asked that the examinations be conducted at its home offices in Hartford, Connecticut.

Stating no reason, Special Term summarily denied plaintiff's motion "in each and every respect". We reverse.

Plaintiff demonstrated that the witness Wright was unable to furnish information which is properly subject to disclosure under CPLR 3101. That section provides for "full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101 [a]). The Court of Appeals has stated that the words " 'material and necessary' " are to be interpreted liberally to require disclosure and that the "test is one of usefulness and reason" (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406).

Here, plaintiff has demonstrated that the information sought may be useful and relevant on the issue of the extent of Coleco's knowledge of any danger resulting from the use of slides for entry into their pools and whether the warnings, if any, given to users of the subject pool were adequate in the circumstances. On the otherwise sparse record submitted on appeal, we conclude that Coleco wholly failed to support any of its arguments in opposition to the motion.

On appeal, plaintiff states that he seeks to examine only Mr. Gershman, a senior vice-president of Coleco, and a representative of Coleco's advertising and marketing department. Those witnesses, as well as the documentary evidence to be produced in connection with such examinations, are located in Coleco's home offices in Hartford, Connecticut. In the exercise of discretion, we conclude that the witnesses' depositions

should be taken by plaintiff at Coleco's home offices. (Appeal from order of Supreme Court, Erie County, Marshall, J.—discovery.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.