■ HAROLD KLAPPER, Appellant, v ELAYNE RABIN et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered October 12, 1989, which denied plaintiff's motion to compel answer to interrogatories, granted defendants' cross motion for a protective order striking plaintiff's interrogatories and, *sua sponte,* stayed plaintiff from any discovery without permission of the court, unanimously affirmed, with costs.

The plaintiff, an attorney appearing *pro se,* sued the defendants for, *inter alia,* assault, defamation, and malicious prosecution. The defendants, also appearing *pro se,* have counterclaimed for assault and defamation, among other things. Plaintiff moved for sanctions, pursuant to CPLR 3126, for defendants' failure to answer interrogatories, and defendants cross-moved for a protective order on the ground that the information sought was neither material nor necessary and was designed to harass defendants. On the recommendation of the Special Master, the IAS court denied the motion and granted the cross motion as set forth above. We now affirm.

The interrogatories propounded by plaintiff have little to do with the controversy at issue and will not aid in the preparation for trial. *(See, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406.) We discern no basis for the requests for the name, address, and telephone numbers of defendant Elayne Rabin's previous husbands, or the location of residences defendants maintain in Connecticut, when the alleged assault took place in Manhattan. Under these circumstances, the striking of the interrogatories and the direction that further discovery requests be made upon the permission of the court were appropriate. (CPLR 3103 [a].) Concur—Sullivan, J. P., Ross, Asch, Kassal and Smith, JJ.