**25** MBF CLEARING CORP., Appellant, v KENNETH SHINE et al., Respondents.

CPLR 3101 (a), recites that "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". The provisions of this section are to be construed liberally *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403), and the burden is upon plaintiff to demonstrate that the disclosure sought is improper *(see, Koump v Smith,* 25 NY2d 287). In this case, plaintiff failed to meet that burden with respect to the remaining document requests which are the subject of the instant motion. Such requests seek information regarding plaintiff's internal practices and procedures, and changes thereof, as well as information regarding COMEX and NYMEX investigations which were undertaken with respect to plaintiff and its president who is alleged to have been in a supervisory capacity with respect to the offending trades. This information is material and relevant to defendants' affirmative defenses, which allege negligent practices or misfeasance by plaintiff claimed to be the proximate cause of plaintiff's injuries. We also find that such requests are sufficiently specific to allow plaintiff readily to identify and produce the documents. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.

PEOPLE v CARLOS ALOMAR. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.