■ VOSSLER MENJIVAR, Respondent, v RIGOBERTO R. GUE-VARA, Appellant. [707 NYS2d 202] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated June 10, 1999, as denied that branch of his motion which was to direct the plaintiff to provide authorization to obtain his medical records from Dr. Parker.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to direct the plaintiff to provide the defendant with authorization to obtain his medical records from Dr. Parker is granted.

At his examination before trial, the plaintiff testified that he had been treated by various medical practitioners including a Dr. Parker, an orthopedist, for the injuries which he allegedly sustained in an accident. The defendant subsequently requested, *inter alia*, that the plaintiff provide him with an authorization to obtain his medical records from Dr. Parker. When the plaintiff failed to comply with the request and various follow-up requests, the defendant moved pursuant to CPLR 3126 (3) to dismiss the complaint or to compel the plaintiff to provide the authorization. In his affidavit in opposition to the motion the plaintiff stated that he did not visit and had not been treated by Dr. Parker and that the testimony at his deposition had been a mistake. The plaintiff provided no further explanation for the discrepancy between his testimony at the examination before trial and the statement in his affidavit.

Because information contained in Dr. Parker's records may be material and necessary in the defense of the action, the plaintiff should have been directed to provide the defendant with the requested authorization (*see,* CPLR 3103; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.