■ WILLIAM T. JONES, Respondent, v RHONDA BECKFORD, Appellant. [734 NYS2d 19] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about May 25, 2001, which, in an action for personal injuries sustained when plaintiff was hit by a vehicle allegedly owned by defendant, directed defendant to provide certain disclosure, unanimously affirmed, without costs.

Plaintiff asserts that at the time and place of the accident he jotted down the license plate number of the vehicle that hit him, and alleges that defendant is the owner thereof. Defendant, whose Manhattan office is located about a block away from the accident site, testified that she generally takes a commuter train to work but occasionally would drive and park her car in a lot; that she has no specific recollection of what she did on the Sunday of the accident but that it is not her routine to go to work on Sunday; that no one other than herself has ever driven the vehicle in question; that she does not know anyone who fits plaintiff's description of the vehicle's driver; and that she has no knowledge of her vehicle being involved in the alleged accident. Given this conflicting testimony, defendant was properly directed to provide authorizations for her building and employee sign-in and attendance records for the particular Sunday in question, as well as the name and address of the parking facility where she parks her vehicle when she drives to work. Such materials are sufficiently related to the issue of

whether it was defendant's car that hit plaintiff as to make their discovery useful and reasonable (CPLR 3101 [a]; *see, Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Marlow, JJ.