■ VIRGINIA WALL et al., Respondents, v VILLA ROMA RESORT LODGES, INC., et al., Appellants. [750 NYS2d 309] —In an action to recover damages for personal injuries, etc., the defendants appeal (1), by permission, from an order of the Supreme Court, Rockland County (Weiner, J.), dated July 24, 2001, which granted the plaintiffs' application to compel the defendants to provide the names and addresses of all guests at the Villa Roma Resort Hotel and Country Club from November 1998 through January 1999, and (2) from an order of the same court, dated February 15, 2002, which, among other things, conditionally granted the plaintiffs' motion to strike the defendants' answer unless they produced the requested disclosure within a specified time.

Ordered that the appeal from the order dated July 24, 2001, is dismissed, as that order was superseded by the order dated February 15, 2002; and it is further,

Ordered that the order dated February 15, 2002, is modified by deleting the provision thereof compelling the defendants to provide a list of the names and addresses of all guests from November 1998 through January 1999, and substituting

therefor a provision compelling the defendants to provide the list for the time period from January 9, 1999, up to and including January 16, 1999; as so modified, the order is affirmed, with two bills of costs to the defendants, and the order dated July 24, 2001, is modified accordingly.

The plaintiff Virginia Wall was injured on January 16, 1999, while tobogganing on a hill at the defendants' hotel. The plaintiffs alleged that the injured plaintiff was negligently told by hotel staff to go tobogganing on that hill, when, in fact, tobogganing was not allowed there. At her examination before trial, the injured plaintiff indicated that she saw other hotel guests tobogganing on the same hill. The Supreme Court providently exercised its discretion in directing the defendants to produce a list of guests at its hotel for a time period preceding the date of the accident. Pursuant to CPLR 3101 (a), "there shall be full disclosure of all evidence material and necessary in the prosecution * * * of an action." The words material and necessary are to be interpreted liberally to require disclosure of any facts bearing on the controversy which will assist in preparation for trial by sharpening the issues and reducing delay and prolixity (*see Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407). However, the period of time directed by the Supreme Court is too extensive. While a guest list will assist the plaintiff in preparing for trial regarding the issue of whether other guests were instructed about tobogganing on the hill, guest activity in November and December 1998 and parts of January 1999 is too remote to be material to the issue. Accordingly, as a matter of discretion, the orders are modified to require disclosure for only the dates of January 9, 1999, up to and including January 16, 1999. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.