*549 In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered July 24, 2002, as denied those branches of her motion which were to compel the defendant I. Michael Leitman to produce a videotape and certain correspondence from the New York State Department of Health.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Pamela Brandes, alleges that her husband, Robert Brandes, suffered, and eventually died on September 7, 1998, from complications that arose during a laparoscopic cholecystectomy to remove his gallbladder that was performed at the North Shore University Hospital on January 30, 1995. .
The Supreme Court properly denied that branch of the plaintiffs motion which was to compel the defendant I. Michael Leitman to produce a videotape of a routine laparoscopic cholecystectomy. Although the Supreme Court did not explain its reasoning, there is a sound basis in the record for its determination that the videotape was not material and necessary within the meaning of CPLR 3101 (a) (see Allen v CrowellCollier Publ. Co., 21 NY2d 403 [1968]).
Although the correspondence that Dr. Leitman allegedly received from the New York State Department of Health was not exempt from disclosure under Public Health Law § 2805-l, which applies to incident reports, it was protected by the confidentiality provision of Education Law § 6527 (3) (a), which applies to records relating to the performance of a medical or quality review function. S. Miller, J.P, Krausman, Townes and Cozier, JJ., concur.