■ YVETTE RIVERA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [894 NYS2d 754]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about March 16, 2009, which, insofar as appealed from, granted plaintiff's motion to strike defendants' answer for failure to comply with discovery demands only to the extent of directing defendants to produce Health Insurance Portability and Accountability Act authorizations for the records of 20 doctors and medical facilities requested by plaintiff, unanimously reversed, on the facts, without costs, and the motion denied.

While defendant Batista waived the physician-patient privilege with respect to his physical condition by asserting the affirmative defense of unanticipated medical emergency (CPLR 3121 [a]; 4504 [a]; *Rivera v New York City Tr. Auth.*, 11 AD3d 333 [2004]; *Koump v Smith*, 25 NY2d 287, 294 [1969]), plaintiff failed to demonstrate the relevance of Batista's postaccident medical records to the condition that allegedly caused the accident (CPLR 3101 [a]; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403 [1968]). Concur—Andrias, J.P., Nardelli, Catterson, DeGrasse and Manzanet-Daniels, JJ.