■ JOHN P. D'AMBROSIO, Respondent, v FRANK RACANELLI et al., Appellants, et al., Defendants. [956 NYS2d 531]—

In 2006 the plaintiff, an attorney, was engaged by nonparties Charles Augusto and Mercedes Augusto (hereinafter together the Augustos) to commence an action against the defendant Racwel Construction Incorporated. The following year, the Augustos instructed the plaintiff to commence an action against the defendant Frank Racanelli. On September 22, 2007, the Augustos directed the plaintiff to discontinue both actions and advised him that his services were being terminated.

Thereafter, the plaintiff commenced this action against, among others, Racanelli, Racwel Construction Incorporated, and Racwel Contracting & Construction Co., Inc. (hereinafter collectively the appellants), inter alia, to recover damages for slander, tortious interference with contract, and prima facie tort. The plaintiff alleged that before the Augustos terminated his services and discontinued the underlying actions, Racanelli told Charles Augusto that the plaintiff should not have agreed to represent the Augustos because he had a conflict of interest, and that the plaintiff was unethical. Further, the plaintiff alleged that Racanelli made these false statements to Charles Augusto, inter alia, to induce the Augustos to discontinue their actions and terminate their relationship with the plaintiff.

After Charles Augusto was deposed, the appellants served a notice for discovery and inspection, dated January 18, 2011, demanding, among other things, copies of all legal bills sent by the plaintiff or his law firm, D'Ambrosio & D'Ambrosio, P.C., to the Augustos, and records of any payments made by the Augustos to the plaintiff or his firm. The plaintiff moved, inter alia, for a protective order with respect to the disclosure of those items, arguing that they were not relevant to the issues in the action.

In opposition to the motion, the appellants argued that the legal bills and records of payments were relevant because excessive billing could provide an alternate explanation for the Augustos' decision to discontinue their actions and terminate their relationship with the plaintiff. They noted that Charles Augusto testified at his deposition that his conversation with Racanelli was "the clincher," but it "wasn't the whole thing." He said that the plaintiff had been "running up the bill[ ]," which "already told me that [the plaintiff] was unethical." He also testified that he thought that he had received a partial bill from the plaintiff before the Augustos discontinued the actions and terminated their relationship with the plaintiff.

The Supreme Court granted that branch of the plaintiff's motion which was for a protective order regarding the legal bills and record of payments, finding that those items were not relevant to the issues in the action. The Supreme Court noted that it based its finding on the plaintiff's counsel's "assertions at oral argument on July 11, 2011, that Mr. Augusto did not receive any legal bills from plaintiff until after plaintiff was discharged from the representation."

"There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party" (CPLR 3101 [a] [1]). "The words, 'material and necessary', are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *see Farkas v Orange Regional Med. Ctr.*, 97 AD3d 720, 722 [2012]). The test to be employed by the courts in weighing whether material is discoverable is one of "usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d at 406; *see Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 566 [2012]).

Here, Charles Augusto testified at his deposition that his conversation with Racanelli was not the sole reason the Augustos terminated plaintiff's services, and that he felt that

the plaintiff was running up his bill. Further, contrary to the representation made by the plaintiff's counsel at oral argument, Charles Augusto testified that he thought that he had received a bill from the plaintiff before the Augustos terminated his services. Therefore, the legal bills sent by the plaintiff or his firm and the records of any payments made by the Augustos are relevant to the issue of whether the Augustos terminated the plaintiff's services due to the alleged statements made by Racanelli.

Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for a protective order with respect to legal bills sent to the Augustos by him or his firm, and records of any payments received in return. Mastro, J.P., Lott, Austin and Cohen, JJ., concur.