TAM Medical Supply Corp., as Assignee of Cadet, Daniel, Appellant, 
against
Country Wide Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Jaffe & Koumourdas, LLP (Jean H. Kang, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered March 7, 2014. The order, upon a motion by plaintiff for summary judgment and a cross motion by defendant for summary judgment dismissing the complaint or, in the alternative, to strike the complaint and dismiss the action pursuant to CPLR 3126, denied plaintiff's motion and granted the branch of defendant's cross motion seeking summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing the complaint is denied and the branch of defendant's cross motion seeking, in the alternative, to strike the complaint and dismiss the action pursuant to CPLR 3126 is granted to the extent of compelling plaintiff to provide responses to defendant's demand for interrogatories, demand for discovery and inspection, and demand for expert disclosure within 60 days of the date of the order entered hereon, and by further compelling plaintiff to appear for an examination before trial within 30 days thereafter, or on such other date as the parties shall agree, but in no event later than 60 days thereafter; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint or, in the alternative, to strike the complaint and dismiss the action pursuant to CPLR 3126. By order entered March 7, 2014, the Civil Court denied plaintiff's motion and granted the branch of defendant's cross motion seeking summary judgment.
The affidavit submitted by defendant's claims representative stated that each claim had been received on July 31, 2012, but also stated that defendant had first received notice of the claims with the submission of the claims on July 10, 2012. In light of this discrepancy, the record does not establish, as a matter of law, that defendant timely denied plaintiff's claims based upon a late notice of the accident (see generally Complete Radiology, P.C. v Progressive Ins. [*2]Co., 37 Misc 3d 133[A], 2012 NY Slip Op 52079[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Fiutek v Clarendon Natl. Ins. Co., 33 Misc 3d 127[A], 2011 NY Slip Op 51840[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), a precludable defense. Consequently, the branch of defendant's cross motion seeking summary judgment dismissing the complaint should have been denied.
However, the record establishes that plaintiff did not serve responses to defendant's demand for interrogatories, demand for discovery and inspection, and demand for expert disclosure, or appear for an examination before trial. Indeed, plaintiff failed to oppose this branch of defendant's cross motion. CPLR 3101 (a) provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Parties to an action are entitled to reasonable discovery "of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see Traditional Acupuncture, P.C. v State Farm Ins. Co., 24 Misc 3d 129[A], 2009 NY Slip Op 51335[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). As defendant's denial of claim form denied the claim on the ground that the amount billed exceeded the amount permitted by the workers' compensation fee schedule and as defendant is defending this action on that same ground, among others, the discovery demands at issue were material and necessary to defendant's defense (see e.g. Reilly v Oakwood Hgts. Community Church, 269 AD2d 582 [2000]; Great Health Care Chiropractic, P.C. v Interboro Ins. Co., 41 Misc 3d 130[A], 2013 NY Slip Op 51737[U] [App Term, 2nd Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing the complaint is denied and the branch of defendant's cross motion seeking, in the alternative, to strike the complaint and dismiss the action pursuant to CPLR 3126 is granted to the extent of compelling plaintiff to provide responses to defendant's demand for interrogatories, demand for discovery and inspection, and demand for expert disclosure within 60 days of the date of the order entered hereon, and by further compelling plaintiff to appear for an examination before trial within 30 days thereafter, or on such other date to which the parties shall agree, but in no event later than 60 days thereafter.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 14, 2017