Curran v New York City Tr. Auth. (2018 NY Slip Op 03798)





Curran v New York City Tr. Auth.


2018 NY Slip Op 03798


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5357N 101673/13

[*1] Patricia Curran, Plaintiff-Respondent,
v
New York City Transit Authority, et al., Defendants-Appellants.


Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Law Office of Robert A. Horn, New York (Robert A. Horn of counsel), for respondent.



Order, Supreme Court, New York County (Michael D. Stallman, J.), entered November 15, 2016, which denied defendants' motion for a protective order, unanimously modified, on the facts, to grant the motion to the extent of limiting discovery to documents concerning the rear stairs of the bus on which plaintiff fell, and the absence of warning signs, stanchions, and handrails in the rear of the bus, for a period of five years preceding the date of the accident, and records relating to any modifications or changes to the interior stairs, stanchions, handrails, or warning signs in the rear of the bus from the day of the accident to the day of the inspection, and the production of the bus for inspection and photographing by plaintiff in the presence of defendants' representatives, and, as so modified, affirmed, without costs.
Predecessor models of the bus on which plaintiff fell and buses with front-facing rear seating are not relevant to whether the bus on which plaintiff fell was defectively designed (CPLR 3101[a]; Allen v Crowell-Collier Publ. Co. , 21 NY2d 403, 406 [1968]). Similarly, while material concerning the rear stairs, stanchions, handrails, and warning signs in the rear of the subject bus, i.e., the alleged dangerous conditions, is relevant, material concerning other sections of the bus or other defects is not relevant. The production of 15 years' worth of records is burdensome (see CPLR 3103[a]).
Plaintiff failed to demonstrate that she would be prejudiced by defendants' representatives observing and recording her inspection and photographing of the subject bus. Defendants' representatives may be present during the inspection, provided they do not interfere with the examination.
Defendants are not required to create a document, such as a certification of no changes, if none exists, but plaintiff is entitled to discovery regarding any changes to the subject bus from the date of the accident to the date of the inspection.
The Decision and Order of this Court entered herein on January 2, 2018 is hereby recalled and vacated (see M-2058 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK