Walsh v West Gramercy Assoc. LLC (2022 NY Slip Op 06570)

Walsh v West Gramercy Assoc. LLC

2022 NY Slip Op 06570

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 151154/14 Appeal No. 16706 Case No. 2021-03859 

[*1]Desmond A. Walsh, Plaintiff-Appellant,
v
West Gramercy Associates LLC, et al., Defendants-Respondents, Allstar Elevator & Escalator Inspection Agency, Inc., Defendant.

Michael H. Zhu, PC, New York (Michael H. Zhu of counsel), for appellant.
Gordon Rees Scully & Mansukhani, LLP, Harrison (Michael J. Schacher of counsel), for West Gramercy Associates LLC, Josephson LLC and S&S Equities of NY & NJ Inc., respondents.
Malapero Prisco & Klauber LLP, New York (John J. Peplinski of counsel), for Nouveau Elevator Industries, Inc., respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 20, 2021, which, to the extent appealed from, denied plaintiff's motion pursuant to CPLR 3124 to compel defendants Nouveau Elevator Industries, Inc., West Gramercy Associates LLC, Josephson, LLC d/b/a The Moinian Group, and S&S Equities of NY & NJ Inc. to provide supplemental responses to his May 4 and May 26, 2021 post-deposition demands, unanimously affirmed, without costs.
In February 2014, plaintiff Desmond A. Walsh commenced this negligence action alleging that on March 27, 2012, while working as a US postal carrier, he tripped when he entered a misleveled rear freight elevator on the first floor of 10 West 18th Street in Manhattan. Defendant West Gramercy owned the building, defendant Moinian provided operation and management services to the owner, defendant S&S was the building's former property manager, and defendant Nouveau was the building's elevator maintenance company hired by West Gramercy and S&S. Plaintiff alleged that the dangerous condition was caused or created by Nouveau and the owner defendants, and that they had actual and constructive notice of the condition.
The court providently exercised its discretion in denying plaintiff's motion for supplemental responses to its post-deposition demands (see Matter of U.S. Pioneer Elecs. Corp. [Nikko Elec. Corp. of Am.] , 47 NY2d 914, 916 [1979]). Defendants have responded to and complied with numerous discovery demands and orders throughout this seven-year litigation. Defendants have produced multiple deposition witnesses, provided all available items, including the exchange of countless maintenance/work tickets, whose entries duplicate the missing logbook, and provided sufficient Jackson affidavits that described their reasonable and diligent search for the rear elevator maintenance contract and the March 2012 logbook pertaining to the rear elevator that is the subject of plaintiff's negligence action (see CPLR 3101[a]; Allen v Crowell-Collier Publ. Co. , 21 NY2d 403, 406 [1968]; see generally Andon v 302-304Mott St. , 94 NY2d 740, 746 [2000]). Accordingly, plaintiff failed to establish entitlement to supplemental
responses to his May 4, 2021 and May 26, 2021 post-deposition demands or supplemental Jackson affidavits. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022