Bagatelle Little W. 12th LLC v JEC II, LLC (2024 NY Slip Op 51437(U))

[*1]

Bagatelle Little W. 12th LLC v JEC II, LLC

2024 NY Slip Op 51437(U)

Decided on October 21, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 21, 2024
Supreme Court, New York County

Bagatelle Little West 12th LLC, Plaintiff,

against
JEC II, LLC, THE ONE GROUP, LLC, BAGATELLE AMERICA, LLC, BAGATELLE MIAMI, LLC, BRAND ESSENCE HOSPITALITY GROUP LLC, IN THE BUZZ LLC, BAGATELLE LONDON HOLDINGS LTD., BAGATELLE GROUP, INC.,HUDSON ROOFTOP LLC, BAGATELLE DOWNTOWN, LLC, REMI LABA, Defendant.

Index No. 155123/2020

Robert R. Reed, J.

A Commercial Division Rule 14 conference was held on October 1, 2024, at the request of both parties, regarding purported deficiencies in defendants/counterclaimants document production. In its correspondence dated September 24, 2024, plaintiff/counterclaim defendant ("BLW12") identified basic financial documents relating to the period of 2011 through 2017, including trial balances, bank statements and general ledgers, that defendants allegedly refuse to produce in full. Defendants/counterclaimants (collectively "counterclaimants"), in their September 30, 2024 Rule 14 response, submit that the documents BLW12 demands are irrelevant to its own claims and defenses as it has not specified any alleged misconduct to justify the requests. According to counterclaimants, sufficient financial documents related to BLW12's request — such as tax returns, income statements, balance sheets, and distribution calculations — were already produced.
CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The words, "'material and necessary,' are ... to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]). "[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material ... in the prosecution or defense" (id. at 407 [internal quotation marks and citation omitted]).
Here, BLW12 asserts that the documents requested are relevant to its seventh cause of action for breach of contract. That cause of action alleges, among other things, that counterclaimants failed to provide services for which they were compensated, failed to cause financial statements to be properly prepared and audited, failed to account for or explain numerous transfers and expenses incurred by counterclaimants, and failed to provide required internal auditing and financial oversight (NYSCEF doc. no. 53 94-102). In its verified reply to counterclaims, BLW12 asserts affirmative defenses such as unclean hands and set-off. To the extent that such claims and affirmative defenses assert a failure of counterclaimants to properly provide accounting services, the documents requested by BLW12 are reasonably calculated and sought in good faith.
With respect to the potential for a "fishing expedition," the Court of Appeals in Forman v. Henkin (30 NY3d 656, 664 [2018]) articulated in dicta that New York discovery rules "do not condition a party's receipt of disclosure on a showing that the items the party seeks actually exist; rather, the request need only be appropriately tailored and reasonably calculated to yield relevant information." The purpose of discovery is to determine if material relevant to a claim or defendant exists and, in many cases, as is the case here, "a party seeking disclosure will not be able to demonstrate that items it has not yet obtained contain material evidence (id.). Moreover, it is a well-established rule that "there is no need for a specialized or heightened factual predicate to avoid improper 'fishing expeditions'" (id. at 665).
Counterclaimants have purportedly produced responsive documents for the period requested by BLW12, but failed to produce other requested documents from the same period without a reasonable basis for their objection. When resolving a discovery dispute, competing interests must always be balanced, and the need for discovery must be weighed against any special burden to be borne by the opposing party (CPLR §§ 3101, 3103(a); Forman v. Henkin, 30 NY3d 656, 664 [2018]). Although counterclaimants submit that BLW12's requests are not justified as they are not relevant to its claims, counterclaimants do not contend that such requests are unduly burdensome, prejudicial to counterclaimants, or are voluminous and over broad. Nor do counterclaimants make a showing under CPLR 3103(a) that the method of discovery sought is being used for the purpose of incurring unreasonable expense or delay.
NOW, THEREFORE, upon review of the parties' Rule 14 submissions, and in consideration of the liberal standard set forth by CPLR 3101 (a), which requires "full disclosure of all matter material and necessary in the prosecution or defense of an action," it is hereby
ORDERED that on or before December 10, 2024, counterclaimants shall conduct a search for and provide a definitive response producing all non-privileged documents, within counterclaimant's possession, custody and control, responsive to the deficiencies in production identified in BLW12's September 24, 2024 correspondence to the court; and it is further
ORDERED that to the extent a category of documents was previously provided and/or disclosed in prior discovery response, then a statement to that effect clearly identifying the document and the date of disclosure shall be provided by date same; and it is further
ORDERED that to the extent any document either does not exist, or is not within the possession, custody or control of counterclaimants, then a statement to that effect shall be provided by date same; and it is further
ORDERED that to the extent any document is withheld on the grounds of privilege, then a categorical privilege log shall be provided by date same; and it is further
ORDERED that on or before December 10, 2024, BLW12 shall conduct a search for and provide a definitive response producing all non-privileged documents, within BLW12's possession, custody and control, responsive to the deficiencies in production identified in counterclaimants' September 30, 2024 correspondence to the court; and it is further
ORDERED that to the extent a category of documents was previously provided and/or disclosed in prior discovery response, then a statement to that effect clearly identifying the document and the date of disclosure shall be provided by date same; and it is further
ORDERED that to the extent any document either does not exist, or is not within the possession, custody or control of BLW12, then a statement to that effect shall be provided by date same; and it is further
ORDERED that to the extent any document is withheld on the grounds of privilege, then [*2]a categorical privilege log shall be provided by date same; and it is further
ORDERED that the parties shall continue with discovery according to the following schedule:
(1) Document discovery to be completed by December 20, 2024;
(2) All depositions to be completed by February 28, 2025;
(3) Expert discovery to be completed by March 28, 2025; and
(4) All disclosures to be completed by April 25, 2025; and it is further
ORDERED that the deadline for plaintiff to file the note of issue and certificate of readiness is extended to May 9, 2025; and it is further
ORDERED that the parties appear for a status conference via Microsoft TEAMS on January 16, 2025 at 11:30 a.m.
DATE October 21, 2024
ROBERT R. REED, J.S.C.