Leftt v Blodgett (2025 NY Slip Op 03282)

Leftt v Blodgett

2025 NY Slip Op 03282

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Index No. 811234/23|Appeal No. 4518|Case No. 2024-07348|

[*1]Andrew D. Leftt, Plaintiff-Appellant,
v
Nicholas G. Blodgett et al., Defendants-Respondents.

Nguyen Leftt, PC, New York (Stephen D. Chakwin, Jr. of counsel), for appellant.
Milber Makris Plousadis, Woodbury (Stephen F. Zaklukiewicz of counsel), for respondents.

Order, Supreme Court, Bronx County (John A. Howard-Algarin, J.), entered on or about November 15, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion to, among other things, compel production of plaintiff's work calendars and for authorizations for medical records, unanimously modified, on the law, to deny the motion as pertains to paragraphs 2a and 2b of the order requiring plaintiff to provide authorizations concerning his vision, the portion of paragraph 17 requiring plaintiff to submit to a "psych" exam, to limit the portion of paragraph 6 to authorizations for medical and hospital records concerning plaintiff's back, and to limit the portion of paragraph 14 to authorizations for records from Mt. Sinai Hospital following plaintiff's March 12, 2023 accident, and otherwise affirmed, without costs.
The motion court properly directed plaintiff, in paragraphs 8, 9, and 15 of its order, to provide authorizations for medical and hospital records from Weill Cornell Hospital, New York Presbyterian Hospital, and Hospital for Special Surgery unrestricted as to date. Plaintiff testified that he suffered a lower back injury in 1997, that he received treatment from Hospital for Special Surgery for it, and that he may also have received treatment at Weill Cornell Hospital and/or New York Presbyterian Hospital (see Rom v Eurostruct, Inc., 179 AD3d 418 [1st Dept 2020]).
The court also properly directed plaintiff to produce his personal work calendar and office appearance calendar for a period of one year post-accident (paragraph 1 of the order) based on plaintiff's bill of particulars asserting that damages for lost wages were "to be determined," and on his testimony that, following his accident, he missed a couple days of work and then worked on an altered work schedule (see generally Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). Furthermore, it may be relevant to the 90/180 day serious injury claim. Plaintiff's testimony during his deposition that he was not seeking damages for lost wages did not foreclose those damages in the absence of a formal withdrawal of any claim.
In paragraph 6 of the order, the motion court properly directed plaintiff to provide authorizations for medical and hospital records from providers dating from 2008, relating to his prior 2008 motor vehicle accident, insofar as plaintiff sustained injuries from that accident that were to the same parts of the body (see Rom, 179 AD3d at 418). However, the records should be limited to his back, as the 2008 accident also injured plaintiff's right knee, which he does not claim was injured in this action (see Rosenberg v Wilson, 227 AD3d 629, 629-630 [1st Dept 2024]).
In paragraph 14 of the order, the motion court properly directed plaintiff to provide authorizations for medical and hospital records from Mt. Sinai Hospital, unrestricted as to condition, in light of plaintiff's testimony that his 2023 spine surgery impacted his stomach [*2]and damaged veins and arteries (id. at 630). However, the authorizations should have been limited to records from when he began receiving treatment at Mt. Sinai in 2023 (see Rom, 179 AD3d at 418).
The motion court should not have directed that plaintiff sit for an ophthalmology/retinal exam and provide authorizations for records concerning his vision. Although plaintiff testified that he was nearsighted and defendants contend that an eye condition may have contributed to plaintiff's 2023 accident, plaintiff did not plead any condition concerning his vision or otherwise place his eye condition in issue so as to waive his doctor-patient privilege (see Brito v Gomez, 33 NY3d 1126 [2019]).
Defendants concede that they are not entitled to require plaintiff to submit to a psychological or psychiatric examination, as required by paragraph 17 of the order.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025