Alvarez v 471 W. 144 LLC (2025 NY Slip Op 06543)

Alvarez v 471 W. 144 LLC

2025 NY Slip Op 06543

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, González, Higgitt, Michael, JJ. 

Index No. 150502/16|Appeal No. 5234|Case No. 2025-02536|

[*1]Juan Alvarez, Respondent,
v
471 West 144 LLC, et al., Appellants.

Bell Law Group, PLLC, Syosset (Adam P. Grogan of counsel) for appellants.
Ginarte Gonzalez & Winograd LLP, New York (Anthony F. DeStefano of counsel) for respondent.

Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered or about March 27, 2025, which denied defendants' motion to vacate an order of the same court and Justice, dated February 13, 2025, which sua sponte granted plaintiff leave to conduct a further deposition of defendants concerning their assets and the assets of the individual owners, unanimously affirmed, with costs.
The CPLR vests trial courts with broad discretion to regulate discovery (see Duracell Intl., Inc. v American Employers' Ins. Co., 187 AD2d 278, 278 [1st Dept 1992]). That discretion includes the power "to decide whether information sought is material and necessary to the prosecution or defense of an action" (Allen v Corwell-Collier Publ. Co., 21 NY2d 403 [1968]). Plaintiff has pointed to facts which could suggest that defendants diverted corporate funds to frustrate any judgment in this case (see Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407-408 [1st Dept 2014]). It was thus within the discretion of the court to find that a further deposition of defendants was material and necessary.
Although plaintiff filed a note of issue certifying that discovery was complete, "[a] court, in its discretion, may allow post-note of issue discovery without vacating the note of issue as long as prejudice to either party would not result" (Dabrowski v ABAX Inc., 199 AD3d 409, 409-410 [1st Dept 2021] [internal quotation marks omitted]). Defendants can not claim prejudice when, as the motion found, they failed to adequately comply with prior orders directing them to respond to plaintiff's discovery requests seeking information as to defendants' corporate structure, including its members, its operating agreements, the reason for the formation of 471 West 144 LLC, whether the entity had any bank accounts, whether the property was mortgaged, and what became of the proceeds of the property sale.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025