Edward Tyler Nahem Fine Art L.L.C. v Lee (2025 NY Slip Op 07222)

Edward Tyler Nahem Fine Art L.L.C. v Lee

2025 NY Slip Op 07222

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Index No. 653982/23|Appeal No. 5456-5457-5458|Case No. 2024-05085, 2024-05086, 2024-04433|

[*1]Edward Tyler Nahem Fine Art L.L.C., et al., Plaintiffs-Respondents,
vLea Lee, Defendant-Appellant, Elisabeth Royer Grimblat, Defendant.

Lea Lee, appellant pro se.
ArtxLaw PLLC, Kingston (Ronald Adelman of counsel), for respondents.

Orders, Supreme Court, New York County (Lyle E. Frank, J.), each entered on or about July 3, 2024, which denied defendant Lee's motion to dismiss the complaint and granted plaintiffs' motion to compel Lee's deposition, unanimously affirmed, with costs. Order, same court and Justice, entered on or about May 25, 2024, which upon Lee's failure to oppose plaintiffs' motion to enforce an order of production and exchange of confidential information directed Lee to comply with said order, unanimously affirmed, with costs.
The court properly denied Lee's motion to dismiss the complaint based on the failure to name Lee's sisters as defendants, because they are not necessary parties to this action, which can be completely resolved without their joinder (see CPLR 1001[a]). The transactions that form the basis of the action post-dated the sale of the artwork by Lee's mother or her sisters; in any event, Lee's separate action against her sisters was dismissed on the merits, as affirmed by this Court(Lee v Royer Grimblat, 228 AD3d 576 [1st Dept 2024], lv denied 42 NY3d 912 [2025]). Moreover, the complaint adequately states viable claims.
The court providently exercised its discretion in ordering Lee to appear for a deposition under the usual conditions, as her testimony is material and necessary to the resolution of the action (CPLR 3101[a]; Allen v Crowell-Collier Publishing Co., 21 NY2d 403, 406 [1968]). Lee failed to demonstrate why she required the presence of her friend at the deposition (Related Guarantee Corp. Partners, L.P. v Dembeck, 231 AD2d 439, 439-440 [1st Dept 1996], appeal dismissed 89 NY2d 936 [1997]), or why its duration should be reduced to two hours from the usual limit of seven hours (22 NYCRR 202.20-b[a][2]).
The court properly directed Lee to comply with the procedures set forth in the confidentiality order. Setting aside Lee's default in responding to the motion, plaintiffs presented evidence that without the order their competitors could obtain information that was detrimental to their business. Moreover, the confidentiality order included a procedure for Lee to contest a confidential designation and obtain a ruling from the court (see Mann v Cooper Tire Co., 56 AD3d 363, 365 [1st Dept 2008]).
We have considered Lee's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025