■ ANGELO J. PALIOTTO, Respondent, v. SYLVIA HARTMAN et al., Appellants.— Action to recover damages for alleged injuries to respondent's good name and reputation by reason of an alleged conspiracy between the appellants pursuant to which certain false and slanderous statements were made and published by one of the appellants. The appeal is from so much of an order as permits the examination of appellants upon the items set forth in the order, and as provides for the production of books, records and documents, and the inspection of the same by respondent. Order modified by striking therefrom the seventh ordering paragraph. As so modified, order, insofar as appealed from, affirmed, without costs. The granting of the examination before trial and the direction to produce books, records and documents in possession of the appellants relating to the issues were within the discretion of the Special Term (Civ. Prac. Act, §§ 288, 292, 296), and we find no improvident exercise of such discretion in this instance. It does not appear, however, that the pictures sought to be discovered have any relation to the issues raised by the pleadings. The court has no power to order a discovery and inspection except as to books, documents or other papers, or articles or property *relating to the merits of the action* (Civ. Prac. Act, § 324). Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ HAZEL POPPE, Appellant, v. JOHN H. POPPE, Respondent.— In an action for separation the appeal is from a judgment entered after trial insofar as it dismisses the complaint on the merits. Judgment insofar as appealed from affirmed, without costs. No opinion. Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., and Wenzel, J., dissent and vote to reverse the judgment insofar as it dismisses the complaint and to grant a new trial, with the following memorandum: In our opinion it was error to receive in evidence respondent's testimony as to a conversation between him and the appellant in which she is alleged to have admitted acts of adultery. It appears that such conversation and such admission were induced by the existing marital relationship between the parties and arose from it, and that, were it not for the relationship of husband and wife, such conversation and such admission would not have occurred. Such testimony, therefore, constitutes the disclosure of "a confidential communication made by one [spouse] to the other during marriage", which is prohibited by section 349 of the Civil Practice Act (*Warner* v. *Press Pub. Co.*, 132 N. Y. 181, 185–186; *Hanor* v. *Housel*, 128 App. Div. 801, 803–804).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VALENTINE MENDES, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of assault in the second degree, and sentencing him to serve two and a half to five years in Sing Sing Prison, from said sentence, and from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence or from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.