■ HENRY T. LAU, Appellant, v MARGARET E. PESCATORE PARKING, INC., et al., Respondents. [964 NYS2d 39]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered August 10, 2012, which, in this personal injury action, granted defendants' motion to vacate the note of issue, and directed that plaintiff appear for a further deposition and provide additional outstanding discovery, unanimously affirmed, without costs.

The motion court providently exercised its discretion in striking the note of issue and reopening discovery upon defendants' showing that there were several items of discovery still outstanding (*see Nielsen v New York State Dormitory Auth.*, 84 AD3d 519, 520 [1st Dept 2011]). Given the general policy of this State to encourage "open and far-reaching pretrial discovery" (*Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998] [internal quotation marks omitted]), the motion court providently exercised its discretion in determining that plaintiff's counsel had unduly objected to questions asking plaintiff to identify the location of his accident in photographs, and to questions concerning statements plaintiff may have made to others after the accident. "[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material . . . in the prosecution or defense" and thus should be disclosed pursuant to CPLR 3101 (a) (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 407 [1968] [internal quotation marks omitted]). Further, defendants made an adequate showing that they were entitled to authorizations for the medical providers who treated plaintiff's conditions related to his vision and feet, given the nature of his accident and claimed damages. The motion court also providently exercised its discretion in directing plaintiff to provide other authorizations, despite his claim to have previously done so, as both defendants claimed to not have received them, and the record is inconclusive on the matter. Concur—Andrias, J.P., Acosta, Freedman and Richter, JJ.