■ Benjamin Cortes, Appellant, v ALN Restaurant, Inc., et al., Appellants. 180 Hester Street Investors LLC, Nonparty Respondent. [26 NYS3d 283]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 22, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion, and plaintiff's cross motion, to compel nonparty 180 Hester Street Investors LLC (180 Hester) to permit access to the premises located at 128 Mulberry Street to inspect a stairwell, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion and cross motion granted.

Plaintiff alleges that on March 22, 2010 he tripped and fell on "the interior steps/staircase" in the premises at issue, which is currently owned by 180 Hester. Plaintiff commenced this action on or about December 6, 2012, and served defendants in January 2013. Defendants answered the complaint in March 2013. On April 18, 2014, defendants' counsel e-mailed 180 Hester's counsel, "in furtherance of . . . recent correspondence," and requested permission to inspect the premises' staircase and surrounding area. On or about May 30, 2014, defendants moved to compel 180 Hester to permit access to the premises to conduct an inspection of the stairwell. In July 2014, plaintiff cross-moved for the same relief.

The motion court improvidently exercised its discretion in denying the motions (see Hirschfeld v Hirschfeld, 69 NY2d 842, 844 [1987]). Although the delay in seeking access to the premises may weaken the probative value of any evidence collected, the inspection will assist in the parties' preparation for trial, and thus access should be permitted (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 [1968]). The lapse of time does not warrant denial of the motions, where 180 Hester failed to show any prejudice (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003]). The record indicates that the parties have agreed to provide a waiver of liability prior to inspecting the premises' staircase, and to conduct the inspection in a manner that causes the least amount of disruption to the premises' current tenant. No bond need be posted for the inspection. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.