Zupnick v City of New Rochelle (2019 NY Slip Op 04754)





Zupnick v City of New Rochelle


2019 NY Slip Op 04754


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-06645
 (Index No. 68504/13)

[*1]Henry Zupnick, appellant, 
v
City of New Rochelle, et al., defendants, Matthew C. Rizzetta, et al., respondents.


Debra S. Reiser, New York, NY, for appellant.
Rende, Ryan & Downes, LLP, White Plains, NY (Jonathan Reed and Alissa Mendys of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 16, 2016. The order denied his motion to direct the defendants Matthew C. Rizzetta and Daniela Rizzetta to permit access to premises located at 43 Baraud Road for the purpose of conducting an inspection.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion to direct the defendants Matthew C. Rizzetta and Daniela Rizzetta to permit access to premises located at 43 Baraud Road for the purpose of conducting an inspection is granted.
On March 15, 2013, the plaintiff allegedly was injured when he fell while bicycling on Baraud Road at or near its intersection with County Ridge Road in New Rochelle, due to the presence of a patch of black ice. In November 2013, the plaintiff commenced this action against the City of New Rochelle and the City of New Rochelle Department of Public Works (hereinafter together the New Rochelle defendants). Thereafter, the plaintiff twice amended his complaint to add as defendants the owners of certain private real property in the vicinity of the accident location. Specifically, Matthew C. Rizzetta and Daniela Rizzetta (hereinafter together the Rizzetta defendants) were added as defendants on or about April 21, 2015. The plaintiff alleged, inter alia, that the Rizzetta defendants caused or contributed to the hazardous condition upon which he fell by artificially diverting water from their property into the public roadway. Depositions relating to the cause of action against the Rizzetta defendants were completed on January 22, 2016, and on February 9, 2016, the plaintiff served upon the Rizzetta defendants a notice of discovery and inspection of their property located at 43 Baraud Road, "including but not limited to the filters' in the backyard and/or around the patio as described by Matthew C. Rizzetta at [his] deposition . . . as well as the drains, leader drains and gutters, and to conduct an inspection by an expert designated by the plaintiff." The Rizzetta defendants timely served a response to the discovery notice, objecting on the ground that the request was untimely.
The plaintiff then moved to direct the Rizzetta defendants to permit access to their property located at 43 Baraud Road "for the purposes of expert examination of the filters' and [*2]drainage system in the backyard and adjacent to the patio, as well as the drains, leader drains, all gutters and drywells on the exterior of the house, as described by both Matthew C. Rizzetta and Nicholas Rizzetta at their respective depositions . . . , which examination shall include inspecting, measuring, surveying, sampling, dye testing, testing, photographing or recording by motion pictures or otherwise by an expert designated by the plaintiff." The Supreme Court denied the motion, finding that "the sought-after discovery is not material and necessary to plaintiff's prosecution of this action." The plaintiff appeals.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "The words material and necessary', are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening issues and reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "The test is one of usefulness and reason" (id.). " [I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material . . . in the prosecution or defense' and thus should be disclosed pursuant to CPLR 3101(a)" (Lau v Margaret E. Pescatore Parking, Inc., 105 AD3d 594, 595, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d at 407).
CPLR 3120(1)(ii) provides that a party may serve another party with notice "to permit entry upon designated land or other property in the possession, custody or control of the party served for the purpose of inspecting, measuring, surveying, sampling, testing, photographing or recording by motion pictures or otherwise the property or any specifically designated object or operation thereon." Motions seeking such discovery "are routinely granted when a central issue in the case is the condition of the real property under inspection" (Iskowitz v Forkosh Constr. Co., 269 AD2d 131, 132).
"While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745; see Lewis v John, 87 AD3d 564, 565).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion. A central issue in this litigation is the source of the water which allegedly caused the injury-producing ice condition. An owner of private land abutting a public roadway may be liable for injuries sustained from a fall on ice on the public roadway, if the "ice condition was caused and created by the artificial diversion of naturally flowing water from the private landowner's property onto the public roadway" (Cebron v Tuncoglu, 109 AD3d 631, 632; see Roark v Hunting, 24 NY2d 470, 475; Griffin v 19-20 Indus. City Assoc., LLC, 37 AD3d 412). The plaintiff's theory of the Rizzetta defendants' liability is premised upon the Rizzetta defendants' alleged diversion of water from their property onto the public roadway. Although the probative value of the inspection may be weakened by the passage of time since the accident occurred, such delay is not a basis for denying the plaintiff's discovery request where, as here, the inspection may still aid the parties in preparation for trial (see Cortes v ALN Rest., Inc., 137 AD3d 467).
The inspection and expert examination shall be limited to the exterior of the Rizzetta defendants' property and may include measuring, surveying, sampling, dye testing, testing, photographing or recording by motion pictures, so long as such inspection and examination does not cause damage or destruction to the property and does not intrude into the interior of the Rizzetta defendants' home.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court