## Alvarez v 471 W. 144 LLC

2025 NY Slip Op 30974(U)

March 24, 2025

Supreme Court, New York County

Docket Number: Index No. 150502/2016

Judge: Lisa A. Sokoloff

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 19 of the Supreme Court
of the State of New York, held in and for
the County of New York, at 60 Centre
Street New York, New York, on the
21st day of March, 2025.

P R E S E N T: HON. LISA A. SOKOLOFF, J.S.C.

JUAN ALVAREZ,

                Plaintiff,

   -against-

471 WEST 144 LLC et. al

                Defendant.

**DECISION & ORDER**

Index No. 150502/2016

Motion Sequence # 3

      Defendants 471 West 144 LLC and 471 West 144 Manager, LLC move by Order to Show Cause (#003)[1] signed on February 26, 2025, seeking the following relief: (a) Pursuant to CPLR § 2221(a) vacating this Court's February 13, 2025 Order[2] issued in TAP, which grants Plaintiff the opportunity to Depose the Owners of the Corporate Defendants regarding the disposition of the proceeds of the sale of the only assets of the defendants, their personal assets and to attempt to pierce the corporate veil; (b) an immediate stay of discovery while the Court's Order is pending[3]; and (c) For any further relief the Court deems just, proper, and equitable.

      This is a Labor Law § 240(1) case in which the plaintiff fell through an uncovered opening in the first floor into the basement of 471 West 144th Street, New York, NY (Block 2059 35). The plaintiff sustained serious injuries, including a traumatic brain injury, due to the defendants' failure to provide the proper covering as required by Labor Law § 240(1). (*Id.*, pgs. 3-4). The defendants were uninsured during the work at the building and sold it while the plaintiff's lawsuit was pending, thus bankrupting the defendants. The only way the plaintiff might recover is if his counsel is permitted to explore the actions of the principle and any potential fraud.

      During the March 10, 2025 conference, the defendants' attorney argued that the plaintiff's motion to depose the defendants in this case should be denied due to claims that

---

[1] The following papers were also filed for Motion Sequence #003 and considered by the court
: Affirmation in Opposition filed by the Plaintiff's attorney Anthony DeStefano, Esq. and Exhibits 1-13, filed on NYSCEF on March 7, 2025. On March 9. 2025, Defendants attorney Mary E. Bianco, Esq. filed an Affirmation In Reply To Opposition To Motion.

[2] On February 13, 2025, this court presided over the Trial Assignment Part (TAP) Part 40, while DCAJ Slivera was on vacation. In the aforementioned case, this court granted the plaintiff's request to conduct further depositions of defendants, 471 West 144 LLC and 471 West 144 Manager LLC limited to defendants and defendants' principle's assets and piercing the corporate veil. Such depositions were to be completed on or before April 30, 2025. All counsel were scheduled to appear for a conference in the TAP Part on May 1, 2025 at 9:30 a.m.

[3] The court denied the stay when signing the Order to Show Cause on February 26, 2025.

[* 1]

discovery is time-barred at this stage of the case, in which the note of issue was filed six years ago. Furthermore, there were no allegations in the plaintiff's filings that would necessitate piercing the corporate veil. The defendants' attorney conceded that the building in which the plaintiff allegedly fell through an uncovered hole was uninsured and that as of October 26, 2017, the building was sold and the LLC has no assets.

The plaintiff argued that the First Department has given trial courts broad discretion regarding discovery and this court has the discretion to order the defendants to do additional deposition. He also argued that along with compelling the defendants to sit for additional depositions, this court also has broad latitude to allow plaintiffs to amend the complaint to pierce the corporate veil in this case. The plaintiff's attorney also referenced in Exhibit 11 in the initial deposition, when the plaintiff's attorney inquired about the defendants' witness's knowledge of the property in which he professed no knowledge of the property whatsoever.[4] Furthermore, the plaintiff noted that IAS Part Judge Paul Goetz ordered interrogatories to which defendants failed to respond.[5]

CPLR § 3101(a)(1) Scope of Disclosure provides that "there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: (1) a party, or the officer, director, member, agent or employee of a party… Precedent dictates that "the courts undoubtedly possess a wide discretion to decide whether information sought is "material and necessary" to the prosecution or defense of action." (*Allen v. Corwell-Collier Publishing Co.*, 21 N.Y.2d 403 (1968); *see also Paliotto v. Hartman*, 2 A D 2d 866). It is well settled that "[a] trial court is vested with broad discretion regard discovery, and its determination will not be disturbed absent a demonstrated abuse of that discretion." (*See Mercedes v. Cool Wind Ventilation Corp.*, 223 A.D.3d 623 (1st Dept 2024); *148 Magnolia, LLC v. Merrimack Mut. Fire Ins. Co*, 62 AD3d 486, 487 [1st Dept 2009]. "The words, "material and necessary," are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (sub. [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony "which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable" (3 Weinstein-Korn-Miller, N.Y. Civ. Practice., par. 3101.07, p. 31-13).

Motion courts have also exercised discretion when reopening discovery when "there were several items of discovery still outstanding." (*Lau v. Margaret E. Pescatore Parking, Inc.*, 105 A.D.3d 594 (1st Dept 2013); *see Nielsen v. New York State Dormitory Auth.*, 84 AD3 519 [1st Dept 2011]). It is also the "general policy of this State to encourage "open and far-reaching pretrial discovery." (*Id.*, *see also Kavanagh v. Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998]. The courts have stressed that "[i]f there is any possibility that the information is

---

[4] The plaintiff's attorney is referring to the February 7, 2019 Deposition (Plaintiff's Exhibit 11) in which the witness, Julio Castillo, was asked if he knew who created 471 West 144 LLC, who the members of the LLC were, who the different investors were, when the LLC was formed. What connection there was between 471 West 144 LLC and the property located at 471 West 144 Manager LLC and whether he had any knowledge or familiarity regarding the entity known as 471 West 144 Manager LLC. To each question, Mr. Castillo answered no. (Plaintiff's Exhibit 11-pps. 9-10).

[5] See Plaintiff's Exhibit 2-Judge Paul Goetz's May 9, 2019 signed Status Conference Order that Defendants serve responses to the Plaintiff's interrogatories by June 15, 2019.

2

sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material...in the prosecution or defense" and thus should be disclosed pursuant to CPLR 3101(a)." (*Id.*, *see also Allen v. Cowell-Collier Publ. Co.*, 21 NY2d 403, 407 [1968].

In general, "piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury." (*Morris v. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135 [1993]. "While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than corporate business, which domination, standing alone, is not enough, some showing of a wrongful or unjust act toward plaintiff is required." (*Id*; *Passalacqua Bldrs. v. Resnick Developers S.*, 933 F.2d 131, 138 [2d Cir 1991] [applying New York law]; see generally, 18 Am Jr 2d, Corporations,§ 51. "The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetuate a wrong or injustice against that party such that a court in equity will intervene." (*Id.*, *see also National Labor Relations Bd. v. Greater Kan. City Roofing*, 2 F.3d 1047, 1052-1053). "Broadly speaking, the courts will disregard the corporate form, or, to use the accepted terminology, 'pierce the corporate veil,' whenever necessary 'to prevent fraud or to achieve equity." (*Id.*, *see also Walkovszky v. Carlton*, 18 N.Y.2d 414 [1966]; *International Aircraft Trading Co. v. Manufacturers Trust Co.*, 297 N.Y. 285, 292 [1948].

The court did not mistakenly believe that the principles of the corporate Defendants were named as individual defendants. (*See Defendants Affirmation In Support*, pg. 3). The court is aware the LLCs were used to possibly insulate the principles from liability and to shield them. The court believes the plaintiff should be able to explore these issues. Moreover, there is still additional discovery that is required in this case, such as the net profit of the defendants from the October 26, 2017 sale of the property in question were dispersed, and how information on the mortgage that was recorded on the property after it was purchased by the defendants. *See Plaintiff's Affirmation In Opposition*, pg. 3)

It is also important to note that the defendants have failed to comply with Judge Paul Goetz's May 9, 2019 Order requiring the defendants to respond to the plaintiff's interrogatories by June 15, 2019. (*See Plaintiff's Affirmation In Opposition Exhibit* 2). Much of what the plaintiff requested in the interrogatories is the subject of the depositions ordered February 13, 2025. To date, the defendants have failed to provide even basic answers from the plaintiff's interrogatories request, such as ascertaining the party to whom 471 West 144 LLC was sold to and when. (*See* Defendants' *Objections and Responses to Plaintiff's Demand For Written Interrogatories*-pg. 3 Interrogatory No. 9). It is in just these kinds of cases that the trial court is provided broad discretion in permitting additional discovery. (*See Lau v. Maragaret Pescatore Parking, Inc.*, 105 A.D.3d 594, [1st Dep't 2013] [trial court providently exercised discretion reopening discovery upon defendant' showing that there were several items of discovery still outstanding]; see also *Nielsen v. New York State Dormitory Auth.*, 84 AD3d 519, 520 [1st Dept 2011]; *Alamonte v. KSI Trading Corp.*, 172 A.D.3d 660 [1st Dept 2019] [trial court providently

3

exercised its discretion in issuing a conditional order striking plaintiff's complaint…based on plaintiff's failure to comply with discovery orders]; *Vaca v. Vill. View Hous. Corp.*, 145 AD3d 504, 505 [1st Dept 2016] [motion court providently exercised its discretion in issuing a conditional order striking the answer after defendants failed to comply with numerous orders directing them to provide discovery]; *Gibbs v. St. Barnabas Hosp.*, 16 NY3d 74, 79 [2010] [trial court providently exercised its discretion issuing a conditional order of preclusion and for summary judgment for plaintiff's failure to comply with discovery orders].

The reason the plaintiff needs a further deposition is the defendants' failure to timely and sufficiently respond to the plaintiff's interrogatories. It is well settled that "the courts undoubtedly possess a wide discretion to decide whether information sought is "material and necessary" to the prosecution or defense of action." (*Allen v. Corwell-Collier Publishing Co.*, 21 N.Y.2d 403 (1968); *see also Paliotto v. Hartman*, 2 A D 2d 866).

The 471 West 144 property, in which the plaintiff's accident occurred, was sold on October 16, 2017, while litigation in this case was pending. The plaintiff's counsel has raised questions about the what the gross profit of the sale was, as well as whether the property was mortgaged to prevent the plaintiff from recovering against the LLC. (*See Affirmation In Opposition*, pgs. 5-6). In matters of piercing the corporate veil, the courts have noted when allegations that corporate funds were purposely diverted to make it judgment proof or that a corporation was dissolved and there was failure to make appropriate reserves for contingent liabilities, these allegations are sufficient to pierce the corporate veil. *See Baby Phat Holding Co., LLC v. Kellwood Co*, 123 A.D.3d 405 [1st Dept 2014]. The plaintiff has raised a claim of fraud in which courts could 'pierce the corporate veil,' whenever necessary 'to prevent fraud or to achieve equity." (*Id., see also Walkovszky v. Carlton*, 18 N.Y.2d 414 [1966].

These questions can't be answered without a deposition of the principle of the LLC defendants.

Upon view of the foregoing, it is hereby

ORDERED, that Motion Sequence #003 Defendants' motion to vacating this Court's February 13, 2025 Order in the aforementioned case is denied; and it is further

ORDERED, that staying all discovery deadlines pending the full determination of this motion is and was previously denied; and it is further

ORDERED, that the defendants produce a witness to be deposed that can testify to the sale of the 471 West 144 Property; the amount of the net proceeds from the sale of the 471 West 144 Property; how much the principle of the defendants' LLC actually recovered from the sale of the 471 West 144 property; the names and addresses or members of 471 West 144 LLC; the transfer title associated with the sale of 471 West 144 property; and whether the 471 West 144 property was mortgaged.

Dated: March 24, 2025

ENTER:

HON. LISA A. SOKOLOFF

4

[* 4]