METROPOLITAN PRINTING CO. v. O'NEILL et al.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

1. PLEADING (§ 34*)—CONSTRUCTION.

The rule that a doubtful pleading should be construed most strongly against the pleader no longer prevails; but pleadings are to be liberally construed, to the end that the court, upon a trial, may get at the merits of a controversy and do justice to the parties.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

2. PLEADING (§ 345*)—JUDGMENT ON PLEADING.

The answer in an action for breach of a contract alleged that after the breach by defendant, and before the action was begun, the plaintiff accepted and received from defendant a certain sum in full satisfaction and discharge of all damages or liabilities by reason of any contract, and in full of all damages by reason of any nonperformance of any contract as alleged in said complaint or otherwise. *Held*, that the answer sufficiently pleaded facts which, if proved, would defeat any recovery, and hence that a motion for judgment on the pleadings should not have been granted.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 345.*]

Appeal from Trial Term, New York County.

Action by the Metropolitan Printing Company against James O'Neill and others. From an order granting a motion for judgment on the pleadings, and the judgment entered, defendant O'Neill appeals. Judgment and order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

J. Quintus Cohen, for appellant.
Edward Potter, for respondent.

McLAUGHLIN, J. Action to recover damages for the breach of a contract for work performed and materials furnished. The appellant interposed an answer, in which he attempted to deny certain ma-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terial allegations of the complaint, and then alleged, as a separate defense:

"That after the alleged making of the alleged contract herein, and the alleged breach thereof on the part of this defendant in the complaint mentioned, and before this action was commenced, to wit, on the 26th day of August, 1910, the plaintiff accepted and received from the defendant the sum of one hundred and ten dollars and forty-three cents ($110.43) in full satisfaction and discharge of all damages, moneys, debts, or liabilities by reason of any contract, agreement, or sale by or from the said plaintiff to and on behalf of the said defendant James O'Neill, and in full of all damages by reason of any nonperformance of any alleged contract as alleged in said complaint or otherwise."

After issue had been thus joined, the plaintiff moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was granted, and the appeal is from the order, as well as from the judgment.

[1] Irrespective of the question as to whether the denials in the answer raise an issue, I am clearly of the opinion that the separate defense pleaded constitutes, if true, a good defense. Pleadings are to be liberally construed, to the end that the court, upon a trial, may get at the merits of a controversy and do justice to the parties. Formerly it was the rule to construe a doubtful pleading most strongly against the pleader; but this rule no longer prevails.

[2] When this separate defense is fairly and liberally construed, it is perfectly apparent what the pleader had in mind, and which I think he has sufficiently set forth in this plea, viz., that prior to the commencement of the action the defendant had, by the payment of the sum of money specified, fully paid and discharged any and all claims of the plaintiff for damages by reason of the nonperformance of the contract alleged in the complaint. If these facts be established upon the trial, then there will be no basis for a recovery by the plaintiff.

It follows that the judgment and order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.