■ QUIRINO MADIA et al., Respondents, v CBS CORPORATION et al., Appellants, et al., Defendant. [45 NYS3d 32]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered October 8, 2015, which, insofar as appealed from as limited by the briefs, denied the motion of defendants CBS Corporation and Mario Ragago Ventenilla to compel plaintiffs to produce insurance polices relating to four vehicles listed on plaintiff Quirino Madia's New York State Department of Motor Vehicles plate registration record, and authorizations to obtain such insurance policies and applications therefor, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion granted.

The court erred in denying the motion to compel plaintiffs to produce insurance polices and applications relating to four vehicles listed on their NYS Department of Motor Vehicles plate registration record that were not involved in the subject accident. By order dated May 6, 2015, the court (Laura Douglas, J.), had granted defendants' motion to strike the note of issue and set a schedule for completion of outstanding discovery, ordering plaintiff to produce all insurance policies, primary and excess covering the subject vehicle and driver on the date of loss, as well as his registration plate records for "all vehicles" listed within 45 days of that order. CPLR 3101 (a) provides for the "full disclosure of all matter material and

necessary in the prosecution or defense of an action." Under this standard, disclosure is required "of any facts . . . which will assist preparation for trial by sharpening the issues and reducing delay and prolixity," with the test being "one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]).

Although the issue of venue and plaintiffs' residence has since been resolved (*see* 139 AD3d 475 [1st Dept 2016]), and the trial court has broad discretion concerning discovery, on this record the trial court abused that power by not enforcing an extant order that directed production of the specified insurance policies. Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.