Latin Mkts. Brazil, LLC v McArdle (2023 NY Slip Op 50719(U))

[*1]

Latin Mkts. Brazil, LLC v McArdle

2023 NY Slip Op 50719(U)

Decided on July 14, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2023
Supreme Court, New York County

Latin Markets Brazil, LLC D/B/A Markets Group, Plaintiff,

against
William McArdle, Thomas Mallon, Titan Investors LLC, Defendant.

Index No. 654374/2020

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 207, 208, 221, 222, 223, 224, 225, 226, 227, 228 were read on this motion to/for DISCOVERY.
This case concerns Markets Group and two former employees, Mr. Mallon and Mr. McArdle. Mr. Mallon joined Markets Group in 2014 and Mr. McArdle joined in 2015 and worked for the company for the subsequent five to six years. Upon their leaving the company, defendants consented to post-employment restrictive covenants including non-disclosure of confidential information, non-solicitation of employees and clients, and a non-compete clause. Mr. Mallon's non-solicit and non-compete lasted from July 24, 2020, to July 24, 2021 and Mr. McArdle's lasted from July 27, 2020 to July 27, 2021. During the COVID-19 pandemic, the company transitioned to organizing virtual conferences and created confidential materials in connection with these conferences. Plaintiff now alleges that Mr. Mallon and Mr. McArdle violated their non-competes by utilizing this information to compete with Markets Group and to tortiously interfere with its business relationships. Plaintiff therefore brings as causes of action claims for misappropriation of trade secrets, breach of contract, unfair competition, tortious interference, breach of fiduciary duty, and conversion.
In motion sequence no. 004, plaintiff moves to compel discovery of Mr. Mallon and Mr. McArdle's text, social media, and LinkedIn messages for the three-month period before and after forming their competing company in July of 2020. Plaintiff alleges that over the course of [*2]document discovery, Mr. Mallon and Mr. McArdle's breaches of contract have been demonstrated by documents showing their formation of a competing company while still employed by Markets Group, their downloading of confidential databases prior to their resignations, and their transfer of said documents to personal email accounts. During document production, Mr. Mallon's emails with Markets Group clients allegedly indicates that communications were made over LinkedIn and text. Plaintiff agrees to forego production of "metadata" or the collection of defendants' electronic devices for forensic inspection and agrees to accept PDF screenshots of the responsive documents.
"CPLR 3101(a) provides for the 'full disclosure of all matter material and necessary in the prosecution or defense of an action'" (Madia v CBS Corp, 146 AD3d 424, 424-425 [NY App Div 1st Dept 2017]). "Under this standard, disclosure is required 'of any facts which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (id). Under CPLR 3124, a party moving to compel discovery must establish that the discovery it seeks is 'material and necessary' and meets the test of 'usefulness and reason'" (Bd of Mgrs of Seaport S Condo v Gobin, 76 Misc 3d 1221(A) [NY Sup Ct 2022]). Plaintiff submits that these communications are patently relevant to the prosecution of their case and are narrowly tailored to the needs of the case. These communications, plaintiff argues, will likely reveal which clients Mr. Mallon and Mr. McArdle contacted and attempted to solicit, as well as any other discussions of improperly removing and using Markets Group confidential materials. Plaintiff contends that the three-month scope of its demand is limited in nature and does not constitute a fishing expedition.
Defendants oppose the motion to compel, arguing that the terms of the ESI stipulation prohibit disclosure. Defendants submit that plaintiff's counsel stipulated to not request text messages in the ESI stipulation, and argue that this demand is untimely given that it comes more than a year following execution of the ESI stipulation. Per defendants, the stipulation, like any contract, requires the court to adhere to its terms absent fraud, collusion, mistake, or accident (Bailey v New York City Tr Auth., 196 AD2d 854 [2d Dept. 1993]). Defendants also characterize plaintiff's request as overly expansive and speculative (Fawcett v Altieri, 38 Misc 3d 1022 [Richmond Co 2013]).
Defendants are correct. Plaintiffs was represented by counsel and consented to a voluntary waiver of discoverable materials when it stipulated that "the following sources of ESI information do not warrant collection, search, review or production: (a) Voicemail, text messages, personal phones or tablets and instant messages" (NYSCEF doc. no. 203). Plaintiff has made no showings of fraud, duress, coercion, or mistake warranting this court overturning the stipulation. Accordingly, plaintiff's motion to compel is denied.
Accordingly, it is hereby
ORDERED that motion sequence no. 004 is denied, in its entirety.
July 14, 2023