Accor Mgt. US Inc. v M&C N.Y. (Times Sq.) LLC (2024 NY Slip Op 50890(U))

[*1]

Accor Mgt. US Inc. v M&C N.Y. (Times Sq.) LLC

2024 NY Slip Op 50890(U)

Decided on July 12, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 12, 2024
Supreme Court, New York County

Accor Management US Inc., Plaintiff,

against
M&C New York (Times Square) LLC, Defendant.

Index No. 655015/2019

Robert R. Reed, J.

On joint Rule 14 submissions, dated August 30 and September 7, 2023, Accor Management US Inc. (Accor) moves, pursuant to Commercial Division Rule 14, to resolve a discovery dispute involving defendant M&C New York (Times Square) LLC's (M&C) interrogatory responses. M&C seeks an order directing Accor to supplement its responses to two sets of interrogatories and requests for production of documents.
Legal Standard
CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The words, "'material and necessary,' are ... to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]). 
Discussion
M&C's Interrogatory Responses
Accor purportedly issued a standard damages interrogatory. According to Accor, M&C refuses to provide any computation of its claimed damages for lost profits and diminution of value. Accor asserts that this information is necessary to prepare a defense against M&C's damages claims. In support of its request for supplementation of M&C's interrogatory response, Accor cites this court's decision of VXI Lux Holdco SA RL v SIC Holdings LLC (79 Misc 3d 1223(A)[Sup Ct NY County 2023]) where this court ordered the disclosure of corporate valuation records pre and post-acquisition.
M&C submits that no specificity regarding damages required at this time, because their own calculations require discovery, and the conclusions of an expert. According to M&C, the relevant information and accounting are within Accor's possession, are improperly withheld by Accor, and are the subject of ongoing discovery. M&C cites the case of Theroux v Resnicow (69 Misc 3d1202(A), 2 [Sup Ct NY County 2020]) in support of the defense that damages calculations in interrogatory responses are discoverable only to the extent that such information [*2]is within the possession of the responder.
Interrogatory requests are discovery tools and subject to the same limits as all discovery. Through disclosure, a party is only required to produce those items that are within the "possession, custody or control" of the party served, which, under certain circumstances, can also mean "constructive possession" - the right, authority, or practical ability to obtain the documents or information sought (Commonwealth of N. Mariana Islands v Canadian Imperial Bank of Com., 21 NY3d 55, 62—63 [2013]["Indeed, various courts have interpreted "possession, custody or control" to allow for discovery from parties that had practical ability to request from, or influence, another party with the desired discovery documents. As such, courts have interpreted "possession, custody or control" to mean constructive possession. '(C)ontrol' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action"]).
Here, it is this court's view that M&C has sufficient possession, custody and control of the information sought regarding its scope of purported damages to respond to Accor's interrogatory request. To that end, a statement regarding the amounts of damages claimed, for lost profits and diminution of value, should have been provided, in addition to disclosure of records and information that reflect or relate to hotel profits and valuation. However, details regarding the specific method of value and profit calculation are properly reserved for expert disclosure. To the extent that said information may be subject to later change, amendment, or supplementation by expert disclosure, then a response to that effect shall be made.
Accor's Interrogatory and Response to Production of Documents
M&C asserts that Accor improperly limited the scope of its discovery responses and otherwise failed to respond to other demands, because it takes the position that discovery is limited to the subject matter of the notices of default and M&C's first amended complaint. M&C also objects to Accor's blanket refusal to respond to interrogatories that fall "outside the scope of defaults raised in the [default] notice." In opposition, Accor argues that of the 103 requests for production, 24 were not responded to because the information sought falls outside the scope of the operative complaint. Accor refutes the claim that it refuses to answer interrogatories, but does not definitively state what, if any, interrogatories were adequately responded to, and what objection, if any, was properly asserted.
CPLR 3101(a) mandates full disclosure. It is a standard that is liberal and encompasses "any facts which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Madia v CBS Corp, 146 AD3d 424, 424—25 [NY App Div 1st Dept 2017]). However, discovery is limited to matters related to the allegations of the complaint, and any fact relevant and sufficiently related to the issues in litigation (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 407(1968)["'The purpose of disclosure procedures' 'is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits'"]).
The operative documents which govern the scope any litigation are the pleadings, which are liberally construed (e.g., Metro. Printing Co. v O'Neill, 148 AD 885 [App. Div. 1911]). If a party seeks information that is material and necessary to the prosecution of their action (or claim), it is entitled to answers to its demands (Allen, 21 NY2d at 408). Notwithstanding, it is axiomatic that a party is not obligated to produce discovery related to a matter not at issue in the case. The phrase "material and necessary" is interpreted liberally to require disclosure of facts bearing on the controversy (id.).
As such, any refusal to respond to demands that seek information alleged in the operative complaint or pleading, is improper. Responses must be provided that are responsive to the allegations of M&C's First Amended Complaint as they pertain to the property at issue. Responses limited to the scope of any notices of default are improper. The responses shall be limited in scope only to the extent referenced and applicable under the operative complaint. To the extent the demands seek information related to Accor's management, accounting and fiduciary duties related to the management of the hotel at issue in the litigation, those demands and requests for production shall be responded to.
Accordingly, it is hereby
ORDERED that, within 45 days of filing of this order, Accor and M&C shall serve supplemental responses and documents including interrogatory responses in compliance with the terms of this order; and it is further
ORDERED that all parties shall appear for a virtual status conference on September 24, 2024 at 11:00 a.m.
DATE July 12, 2024
ROBERT R. REED, J.S.C.