Offshore Exploration & Prod., LLC v De Jong Capital, LLC (2025 NY Slip Op 50750(U))

[*1]

Offshore Exploration & Prod., LLC v De Jong Capital, LLC

2025 NY Slip Op 50750(U)

Decided on May 7, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 7, 2025
Supreme Court, New York County

Offshore Exploration and Production, LLC, Plaintiff,

against
De Jong Capital, LLC, Defendant.

Index No 653659/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 007) 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242 were read on this motion for MISCELLANEOUS.
In this breach of contract and negligent misrepresentation action, plaintiff Offshore Exploration and Development (OEP) alleges that defendant De Jong Capital, LLC (De Jong) made misrepresentations regarding its intent to acquire a Peruvian oil and gas company. It is asserted that defendants breached a "Mutual Confidentiality Agreement" by sharing confidential information related to the acquisition with third parties.
In motion sequence 007 plaintiff moves, pursuant to CPLR 3108 and 3113, for the issuance of an open commission. Plaintiff seeks the deposition of Mariella De Jong, a resident of the State of Texas, and the wife of defendant De Jong Capital LLC's principal, Brent de Jong.
"CPLR 3101(a) provides for the 'full disclosure of all matter material and necessary in the prosecution or defense of an action'" (Madia v CBS Corp, 146 AD3d 424, 424—25 [NY App Div 1st Dept 2017]). "Under this standard, disclosure is required of any facts which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (id). Under CPLR 3124, a party moving to compel discovery must establish that the discovery it seeks is 'material and necessary' and meets the test of 'usefulness and reason'" (Bd of Mgrs of Seaport S Condo v Gobin, 76 Misc 3d 1221(A) [NY Sup Ct 2022]).
CPLR 3108 permits the taking of out-of-state depositions of nonparty witnesses where necessary or convenient. To establish "necessity" a party must show that the witness will not cooperate with a notice of deposition or will not voluntarily come within the state, making a commission necessary or helpful (MBIA Ins. Corp. v Credit Suisse Sec. (USA) LLC, 103 AD3d 486, 488 (1st Dept 2013); Sorrentino v Fedorczuk, 85 AD3d 759, 760 [2d Dept 2011]).
Here, counsel for plaintiff submits that a commission is necessary for the taking of Mariella De Jong's testimony, because she resides in the state of Texas and was properly noticed for a nonparty deposition through her attorney, but refused to appear (affirmation, NYSCEF doc. no. 227, para. 4).
With respect to the substance of her testimony, Mariella was purportedly assigned a De Jong Capital email address and was copied on correspondence with financial entities regarding the sale of the subject oil company (NYSCEF doc. no. 227, para.12). It is alleged that Mariella possesses significant experience in the energy industry in Peru and was identified as a member of the De Jong team who should be provided access to the company's highly confidential data relevant to the sale process and acquisition of the oil company (id. at 11, 13). Additionally, it is alleged that Mariella has a personal connection with Brent Kallop, plaintiff's principal (id. at 16). Plaintiff submits that Mariella de Jong is expected to have direct knowledge about: 1) De Jong's negotiations with Kallop and plaintiff concerning a partnership to acquire the oil company jointly, 2) plaintiff's value as a source of information and potential partner in acquiring a Peruvian oil and gas asset, and 3) De Jong's strategy regarding its negotiations with plaintiff (id. at 17). According to plaintiff, this information is material and necessary to confirm or refute defendant's representations and defenses in this action (id. at 18).
Defendant views the scope of relevant and useful discovery more narrowly. According to defendant, this case centers on Brent Kallop's and Brent de Jong's understandings surrounding the potential acquisition of the oil company. Defendant rejects the argument that Mariella was an employee for De Jong Capital and submits that at the time in question, Mariella was not working outside the home and was simply the wife of Brent de Jong (NYSCEF doc. no. 242, pg. 5).
Mariella de Jong has submitted an affirmation opposing the commission for her testimony. Mariella is currently seeking a divorce from Brent de Jong and denies ever having been an employee of De Jong Capital. Mariella denies having access to the oil company seller's data room, performing work on De Jong's behalf, including due diligence work, or having any information regarding the possible acquisition of the oil company by Brent de Jong and Brent Kallop (NYSCEF doc. no. 241).
The scope of discovery is broad. It mandates the full disclosure of all matters material and necessary. The test is one of usefulness and reason, and "if there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material ... in the prosecution or defense" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-7 [1968]). When seeking to compel the disclosure of evidence, the court weighs the interest in disclosure against any special burden to be borne by the opposing party (Kavanagh v Ogden Allied Maint. Corp., 92 NY2d 952, 954 [1998]).
It is this court's view that once it is established that a witness resides out of state and is unwilling to travel to New York to appear for a deposition, a motion for open commission should granted if it is shown that the witness testimony will provide evidence material and necessary for the defense or prosecution of an action. The court is satisfied that the testimony of [*2]Mariella de Jong is "material," within the scope of CPLR 3101(a), and "necessary" under CPLR 3108.
Contrary to defendant's contention, Mariella de Jong has not identified any prejudice or harm that would result from her appearance at a deposition (affirmation, NYSCEF doc. no. 241). The court does not find that defendant will be unduly burdened by its participation in the deposition or that unfair prejudice will result from the issuance of a commission.
Accordingly, it is hereby
ORDERED that plaintiff's motion for a commission is granted (motion seq. no. 007); and it is further
ORDERED that, pursuant to CPLR 3108, a commission issue in this action to anyone authorized to administer oaths in the State of Texas, pursuant to the laws of that state, to take the deposition upon oral questions of Mariella de Jong of 5443 Sugar Hill Drive, Houston, Texas, 77056, as a nonparty witness, and that he/she return the transcript of the testimony subscribed by the witness, certified to be correct, annexed to said commission, with any exhibits produced and proved before him/her, to the attorneys representing the plaintiff in this action by certified or registered mail, with all convenient speed.
DATE May 7, 2025
ROBERT R. REED, J.S.C.